652 So.2d 577 (1995)
INFERNO ASSOCIATES, INC.
v.
DIVISION OF ADMINISTRATION, OFFICE OF STATE PURCHASING, and Department of Health and Hospitals.
No. 94 CA 0675.
Court of Appeal of Louisiana, First Circuit.
March 3, 1995.
*578 Eric A. Bopp, Arabi, for Inferno Associates, Inc.
George J. Grazioso, Baton Rouge, for Div. of Administration/Office of State Purchasing.
Before GONZALES and PARRO, JJ., and REDMANN, J. Pro Tem.[1]
GONZALES, Judge.
This is an appeal from a judgment granting an exception of lack of subject matter jurisdiction.

FACTS AND PROCEDURAL HISTORY
In early March of 1992, the State of Louisiana, Division of Administration/Office of State Purchasing, issued an invitation to bid for the construction and installation of medical waste incinerators at the Earl K. Long Medical Center, University Medical Center, and South Louisiana Medical Center. Bids were submitted by Crochet Equipment Company, Inc. (Crochet) and Inferno Associates, Inc. (Inferno). After the procuring agency, the Department of Health and Hospitals, recommended to the Division of Administration/Office of State Purchasing that Crochet's bid be disqualified for failure to comply with the bid specifications, a disqualification hearing was held. The hearing officer subsequently rendered a decision finding that the entire bid solicitation had to be canceled due to the confusing nature of the specifications contained in the invitation to bid. The hearing officer found that "[i]f the State desires to rebid this equipment, the ambiguous specifications must be clarified and also reviewed to assure that the specifications will not be unduly restrictive."
Inferno administratively appealed the hearing officer's decision to the commissioner of administration, seeking to have the decision reversed and to have Crochet's bid disqualified. By letter dated January 11, 1993, the commissioner denied the appeal and notified Inferno of its right to judicial review of his decision under La.R.S. 39:1691 et seq. In brief, Inferno admits receiving the January 11, 1993 letter on January 13, 1993 by facsimile transmission.[2]
*579 On January 25, 1993, Inferno filed a petition for review of the commissioner's decision by facsimile transmission in the Nineteenth Judicial District Court. The petition was assigned suit number 390,156 and was allotted to Division I. However, because the petition was not signed, Inferno transmitted by facsimile a second, signed petition to the Nineteenth Judicial District Court on January 26, 1993. The correct suit number and division were written on the petition. Subsequently, the original signed petition was received by the clerk of court's office on January 28, 1993, but was not filed by the clerk until February 3, 1993. This original signed petition was given a new suit number, number 390,431, and was allotted to Division C.[3]
On February 26, 1993, the Division of Administration/Office of State Purchasing filed exceptions of lack of subject matter jurisdiction and nonjoinder of an indispensable party in suit number 390,431. On October 1, 1993, the Division C trial court signed a judgment granting the exception of lack of subject matter jurisdiction and dismissing Inferno's petition with prejudice.
Inferno appeals from the judgment dismissing its petition and asserts the following assignments of error:
1. The trial court committed manifest error in rendering a decision on the exception of lack of subject matter jurisdiction without setting the matter for hearing, prejudicing Inferno's opportunity to properly prepare and argue the exception.
2. The trial court committed manifest error in granting the exception of lack of subject matter jurisdiction, sufficient for the court of appeal to overturn the decision.
Because we resolve this appeal based on assignment of error number two, we need not address assignment of error number one.

TIMELINESS OF INFERNO'S PETITION
Under the Louisiana Procurement Code, La.R.S. 39:1551 et seq., the commissioner of administration has the authority to review and determine any appeal by an aggrieved person from a determination by the state director of purchasing or his designee. La.R.S. 39:1681. The commissioner's decision is final and conclusive unless (1) the decision is fraudulent or (2) the person adversely affected by the decision timely appeals to the Nineteenth Judicial District Court. La.R.S. 39:1683(E) and 1691(A). The Nineteenth Judicial District Court has exclusive venue over an action between the state and a bidder to determine whether a bid solicitation or award of a contract is in accordance with the constitution, statutes, regulations, and terms and conditions of the solicitation. La.R.S. 39:1691(A). Any action filed under La.R.S. 39:1691(A) shall be commenced within fourteen days after receipt of the commissioner of administration's decision. La.R.S. 39:1692(A).
Herein, Inferno received a copy of the commissioner's decision denying its appeal on January 13, 1993. Thus, Inferno had until January 27, 1993 to commence an action in the Nineteenth Judicial District Court.
Inferno argues that it timely met the filing requirements of La.R.S. 39:1692(A) by transmitting a signed petition by facsimile to the clerk of court on January 26, 1993, and by forwarding the original, signed petition to the clerk on January 28, 1993 along with the applicable filing and transmission fees as required by La.R.S. 13:850(B).
On the other hand, the Division of Administration/Office of State Purchasing contends that Inferno's petition was not filed until February 3, 1993, the date that the original, signed petition was filed by the clerk of court. Thus, the Division of Administration/Office of State Purchasing argues that the trial court properly granted its exception of lack of subject matter jurisdiction because Inferno's petition challenging the commissioner's decision was untimely.

*580 FILING BY FACSIMILE TRANSMISSION
Under La.R.S. 13:850,[4] any paper in a civil action may be filed with the court by facsimile transmission. Filing is deemed complete at the time the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. As long as the original signed document, and the applicable filing and transmission fees are forwarded to the clerk of court within five days after the clerk has received the transmission, the facsimile when filed has the same force and effect as the original. La.R.S. 13:850(A) and (B).
It is apparent that the organization of the record in this case was not properly handled at the trial court level.[5] The assignment of a different suit number to the original hard copy of Inferno's petition resulted in the existence of two separate records which were never properly merged. In other words, the record which originated with the unsigned January 25, 1993 facsimile filing of Inferno's petition in suit number 390,156 was never properly merged with the record which was opened with the filing of Inferno's original, hard copy petition under suit number 390,431. Therefore, an examination of the record assembled in suit number 390,431 led the Division of Administration/Office of State Purchasing to the erroneous conclusion that the first filing ever made by Inferno was the hard copy of the petition received by the clerk of court on January 28, 1993 and filed on February 3, 1993. This erroneous conclusion then formed the basis of the Division of Administration/Office of State Purchasing's exception of lack of subject matter jurisdiction.
The record indicates that the January 26, 1993 filing of Inferno's petition by facsimile transmission was timely.[6] Because Inferno's original signed petition and applicable fees[7] were received by the clerk's office on January 28, 1993 (within five days of the clerk's receipt of the January 26, 1993 facsimile), the January 26, 1993 facsimile filing had the same force and effect as the original. La.R.S. 13:850. The timeliness of the January 26, 1993 filing is not changed by the clerk *581 of court's assignment of a new suit number to the original signed petition when it was received on January 28, 1993.
Apparently, the trial court judgment granting the Division of Administration/Office of State Purchasing's exception of lack of subject matter jurisdiction was based on the court's assessment of an incorrectly assembled record. Due to the duplicate records created by the clerk of court, the trial court was presented with the record in suit number 390,431 which only contained the original signed petition received by the clerk of court on January 28, 1993; the record reviewed by the trial court did not contain the petition which was correctly and timely filed in suit number 390,156 by facsimile transmission on January 26, 1993. Thus, based on the erroneous information before it, the trial court found that the January 28, 1993 filing was untimely.
Although the trial court's judgment is understandable in light of the cumulation of inaccurate information before it, we must reverse the judgment in light of the record as it actually exists.

DECREE
Because the January 26, 1993 petition filed by facsimile transmission was filed in the Nineteenth Judicial District Court within fourteen days of Inferno's receipt of the commissioner's decision, and because the facsimile transmission was followed by the timely filing of the original petition and applicable filing fees, we REVERSE the judgment of the trial court granting the Division of Administration/Office of State Purchasing's exception of lack of subject matter jurisdiction and REMAND this case to the trial court for further proceedings. Costs of this appeal in the amount of $323.66 are assessed to the Division of Administration/Office of State Purchasing.[8]
NOTES
[1] Judge William V. Redmann, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Inferno admits in its brief that it received a copy of the commissioner's decision on January 13, 1993 by facsimile transmission from an attorney at the Division of Administration. In its "Memorandum in Support of Exceptions and Motion to Strike," defendant contends that Inferno received a copy of the commissioner's decision on January 14, 1993 "as evidenced by a return receipt for certified mail." However, the record before this court does not contain proof of the return receipt nor any other proof of when Inferno received the commissioner's decision. Thus, in the absence of record proof or a stipulation by the parties, it is unclear how the trial court decided the timeliness of Inferno's petition.
[3] The duplicate suit number was seemingly later discovered, as the "390,431" was marked through and "390,156" was written in and the "C" indicating Division C was marked through and an "I" was written in.
[4] Louisiana Revised Statute 13:850 provides in pertinent part:

A. Any paper in a civil action may be filed with the court by facsimile transmission. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
This statute is inartfully drafted; particularly, regarding Section B's requirement that "the party filing the document shall forward" the original signed document and applicable filing and transmission fees to the clerk of court within five days of the clerk's receipt of the facsimile transmission. Herein, Inferno's original petition was received by the clerk on January 28, 1993 and was thus timely; therefore, we need not interpret the meaning of the ambiguous term "forward." Future litigation over this ambiguity can be avoided by legislative amendment which more precisely sets forth what must occur within the five day period.
[5] When the record in this case was forwarded to this court on appeal, the first document to appear (following the initial indices and minutes of court) was the original hard copy petition received by the clerk of court on January 28, 1993. However, the jacket cover of the appellate record bears the following: "NOTE: 390,431DUPLICATE OF 390,156NOT A CONSOLIDATION RECORD." Thus, it is evident that the petitions filed by Inferno by facsimile transmission on January 25, 1993 and January 26, 1993 should have been made part of the record on appeal. After noting this omission, this court ordered the trial court to supplement the appellate record which now contains all documents filed in the Nineteenth Judicial District Court in suit numbers 390,156 and 390,431.
[6] Because we find that the January 26, 1993 facsimile transmission constituted a timely filed petition, we need not address whether the unsigned petition sent by facsimile transmission to the clerk of court on January 25, 1993 would be effective.
[7] The January 28, 1993 petition bears a stamp stating "COST OK Amt." and is initialled. Thus, it is assumed that the correct filing and transmission fees were paid by Inferno when the original signed petition was filed.
[8] The judgment signed by the trial court bears suit number 390,431. We consider this judgment as rendered in suit number 390,156; otherwise, there would be no judgment before us as a judgment bearing suit number 390,156 does not exist.