702 So.2d 347 (1997)
Lisa MARTIN, et al., Plaintiff-Appellant,
v.
KROGER COMPANY, Defendant-Appellee.
No. 29915-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1997.
Rehearing Denied December 4, 1997.
*348 Patricia A. Miramon, Shreveport, for Plaintiff-Appellant.
Mayer, Smith & Roberts by Caldwell Roberts, Jr., Shreveport, for Defendant-Appellee.
Before NORRIS, WILLIAMS and STEWART, JJ.
WILLIAMS, Judge.
The plaintiffs, Lisa and Randy Martin, appeal the trial court's judgment in favor of defendant, The Kroger Company. The trial court sustained defendant's exception of prescription, finding that the plaintiffs failed to comply with the facsimile filing requirements of LSA-R.S. 13:850, and that their petition for damages was not timely filed. For the following reasons, we affirm.

FACTS
On April 12, 1993, the plaintiff, Lisa Martin, slipped in a puddle of water and fell while shopping at a Kroger supermarket located in Shreveport, Louisiana. She reported the accident to store employees. Plaintiff, who was nine months pregnant, injured her back, tail bone and pelvis in the fall. The next day, the plaintiff's husband went to the store and spoke to the manager about his wife's fall. On April 18, 1993, the plaintiff gave birth to her child. Plaintiff's pain persisted and she saw Dr. Carl Goodman in May 1993. Dr. Goodman diagnosed plaintiff as having a contusion to the tail bone and recommended medication for pain as needed. In March 1994, Martin saw Dr. Lewis Jones, who stated that her pain was related to the fall.
On April 12, 1994, one year after the accident, plaintiffs submitted a petition for damages by facsimile transmission to the Caddo Parish Clerk of Court. The fax cover sheet, with the letterhead of plaintiffs' counsel, stated: "Please stamp filed today 4-12-94Prescribes TODAY!" However, due to counsel's admitted "oversight," the original petition and the required filing fee were not delivered to the court until June 21, 1994. Defendant was served with the petition on June 27, 1994.
Subsequently, defendant filed an exception of prescription pursuant to LSA-R.S. 13:850, contending that the facsimile filing had no force or effect because the original document and filing fee were not filed within five days after the facsimile transmission. After a hearing, the trial court sustained defendant's exception of prescription and dismissed plaintiffs' claims for damages, finding that the June 21, 1994 filing was untimely and that their suit had prescribed. Plaintiffs appeal.

DISCUSSION
The plaintiffs contend the trial court erred in finding that their action had prescribed. Plaintiffs argue that Lisa Martin was not aware of her claim against the defendant until March 1994, when she was advised that her pain was related to her fall in the store.
Liberative prescription of one year for personal injury actions commences to run from the date that the injury or damage is sustained. LSA-C.C. Art. 3492. Damage is considered to have been sustained when it has manifested itself with sufficient certainty to support the accrual of the cause of action. Boyd v. B.B.C. Brown Boveri, Inc., 26,889 (La.App.2d Cir. 5/10/95), 656 So.2d 683, writ not considered, 95-2387 (La.12/8/95), 664 So.2d 417.
Despite the statutory time limit imposed by Article 3492, our Louisiana jurisprudence has recognized a limited exception founded upon the civilian doctrine of contra non valentem agere nulla currit praescriptio (Prescription does not run against a person who is unable to act). Chaney v. State Dept. of Health, 432 So.2d 256 (La.1983). This doctrine suspends prescription until the plaintiff knows sufficient facts and has a reasonable *349 basis for filing suit against a certain defendant. Boyd v. Brown Boveri, supra.
In the present case, the evidence shows that in April 1993, the plaintiffs were aware of facts indicating that Lisa Martin's lower back and tail bone pain were the result of her fall in the store. Martin testified during her deposition that immediately after the accident, she felt pain while walking to the store exit. While at home later that evening, she was unable to raise herself from the bed because of muscle pain. In his deposition, Dr. Goodman stated that Martin reported to him that she had fallen in a grocery store on April 12, 1993, had injured her back and tail bone and "had been having pain since." Dr. Goodman diagnosed Martin as having a contusion to the lower back consistent with her fall to the floor.
In their brief, plaintiffs assert that Lisa Martin was not aware of her damages because she was told by Dr. Goodman that he could not determine whether her pain was the result of her labor and delivery, or her fall in the store. Contrary to plaintiffs' assertion, the record shows Dr. Goodman did not state that he was unable to determine the cause of Lisa Martin's pain. In fact, Dr. Goodman testified that Martin stated that she had not experienced any problems with the delivery of her child. Thus, plaintiffs' assertion is not supported by the record.
The trial court considered the foregoing deposition testimony in reaching its factual conclusions. An appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State, 617 So.2d 880 (La.1993). After reviewing the record, we cannot say the trial court was clearly wrong in finding that the prescriptive period began to run on April 12, 1993, the date of plaintiff's injury. The assigned error lacks merit.

Effect of Facsimile Filing on Prescription
Plaintiffs contend that the facsimile transmission of their petition for damages interrupted prescription. They argue that the delivery of the original petition in June 1994 was thus timely.
All pleadings or documents to be filed in an action or proceeding instituted or pending in a court shall be delivered to the clerk of court for such purpose. LSA-C.C.P. Art. 253. A party obliged to file a pleading within a time limitation must ensure actual delivery, since it is the time when the clerk receives actual delivery which determines whether that pleading has been timely filed. Pelt v. Guardsmark, Inc., 451 So.2d 621 (La.App. 5th Cir.1984). Pursuant to LSA-C.C. Art. 3462, prescription is interrupted when the obligee commences action against the obligor in a court of competent jurisdiction and venue.
LSA-R.S. 13:850 provides that any paper in a civil action may be filed with the court by facsimile transmission. Filing is deemed complete when the facsimile transmission is received and a receipt has been transmitted to the sender by the clerk of court. On the condition that the original signed document and the applicable filing and transmission fees are forwarded to the clerk of court within five days after the clerk has received the transmission, the facsimile as of the date filed has the same force and effect as the original. If the party fails to comply with these requirements, the facsimile filing shall have no force or effect. LSA-R.S. 13:850; Inferno Associates v. Division of Administration, 94-0675 (La.App. 1st Cir. 3/3/95), 652 So.2d 577.
The plaintiffs cite Pelt, supra, to support their argument that the facsimile transmission on April 12, 1994, constituted actual delivery of the pleading. However, in the Pelt case, which was decided prior to enactment of R.S. 13:850, the court was referring to delivery of the original signed petition. Although R.S. 13:850 allows litigants to transmit a facsimile of the pleading, the statute makes the effectiveness of such a filing conditional upon the subsequent delivery of the original pleading to the clerk within five days of the transmission date. Inferno, supra. Once this condition is satisfied, the petition is considered to have been filed as of the date of the facsimile transmission.
Here, plaintiffs admittedly failed to perform this statutory condition. Consequently, *350 pursuant to the express terms of R.S. 13:850, the facsimile filing does not have any force or effect. Therefore, it cannot interrupt prescription.
In their brief, plaintiffs contend that the records of the clerk of court and the listing of the lawsuit title in the Daily Legal News provided sufficient notice of an adverse claim to the defendant. However, the only legal manner by which a defendant can receive notice and knowledge of a claim, and of the origin and basis of the suit thereon, is by service of citation and petition. Lowe v. Rivers, 448 So.2d 848 (La.App. 2d Cir.1984).
Here, the record shows that the clerk's office did not take action to notify the defendant that a suit had been filed until after the original petition and fee were received. Thus, the defendant received notice of the claim on June 27, 1994, when he was served with process. Plaintiffs' contention is without merit.
After reviewing the record, we cannot say the trial court erred in finding that the plaintiffs' facsimile filing was insufficient to interrupt prescription, that the June 21, 1994 petition was untimely, and that the plaintiffs' cause of action had prescribed. The assignment of error lacks merit.

Due Process
In two assignments of error, the plaintiffs contend that LSA-R.S. 13:850 is unconstitutional. They argue that this law violates the due process clause of the fourteenth amendment to the United States Constitution because its provisions are vague and application of the statute deprived plaintiffs of their property rights.
The fourteenth amendment to the United States Constitution and Art. 1, § 2 of the Louisiana Constitution guarantee freedom from the deprivation of life, liberty or property without due process of law. When considering the issue of whether a due process violation has occurred, the court must first determine that there has been a deprivation of a protected property interest. Haughton Elevator Division v. State, 367 So.2d 1161 (La.1979).
When an injury occurs, the injured party obtains a cause of action, which becomes a vested property right protected by the guarantee of due process. Burmaster v. Gravity Drainage District, 366 So.2d 1381 (La.1978). However, due process does not prohibit the creation of new causes of action or the abolition of existing ones in order to attain permissible legislative objectives. Crier v. Whitecloud, 496 So.2d 305 (La.1986).
In their brief, plaintiffs cite Burmaster, supra, to support the argument that their cause of action is a vested property right. Although the supreme court has acknowledged that a cause of action may be a property interest, the court has also noted that the legislature is empowered to limit the causes of action which are recognized by the state. In Crier, supra, the supreme court upheld the constitutionality of a statute limiting the time period in which to file medical malpractice actions, and concluded that those who failed to file suit within the statutory time period did not have a cause of action, and thus did not have a vested property right in bringing suit.
As we noted previously, pursuant to Article 3492, the plaintiffs were required to file a tort action within one year of the date on which damage was sustained. Plaintiffs failed to file their original petition for damages within the applicable time limitation period. Consequently, based upon the supreme court's decision in Crier, the plaintiffs do not have a cause of action and thus do not have a vested property right in bringing suit. See Gauthreaux v. Rheem Manufacturing Co., 588 So.2d 723 (La.App. 5th Cir.1991), writ denied, 592 So.2d 409 (La.1992). Therefore, the plaintiffs have failed to establish a due process violation. The assignments of error lack merit.

CONCLUSION
For the foregoing reasons, the trial court's judgment sustaining the defendant's exception of prescription and dismissing the plaintiffs' claims is affirmed. Costs of this appeal are assessed to the appellants, Lisa and Randy Martin.
AFFIRMED.

*351 APPLICATION FOR REHEARING
Before NORRIS, BROWN, WILLIAMS, STEWART and GASKINS, JJ.
Rehearing denied.