JiSCHOTT, Chief Judge.
On the application of Allstate Insurance Company, we grant certiorari in order to consider the validity of a judgment of the trial court overruling relator’s exception of prescription. The issue is whether a suit filed by facsimile transmission (FAX) is timely filed when the FAX reaches the clerk’s office after hours on the last day for timely filing, but the receipt of the FAX is not transmitted to the plaintiff until the next day. We affirm.
This is a tort claim arising out of an automobile accident which occurred on October 6, 1996. The case would prescribe at midnight on October 6, 1997. LSA-C.C. Arts 3456, 3492. On this day at 5:20 p. m. *56 plaintiffs faxed their petition to the clerk’s office. On the following day the clerk faxed a “receipt of transmission” to plaintiffs. LSA-R.S. 13:850 authorizes the filing by FAX in a civil action. - The statute contains the following pertinent provision: “Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court.”
Relator contends that the “filing” of the suit did not take place within the prescriptive period because the receipt of the FAX was not sent by the clerk within the prescriptive period even though the FAX was sent by plaintiffs and was received by the clerk within that period. Plaintiffs rely on C.C. Art. 3462 the text of which provides that prescription is interrupted when the obligee 12commences action against the obligor in a court of competent jurisdiction and venue. They argue that the commencement of their action took place when they faxed the petition and it was received by the clerk, and this was timely because the statute does not require that the filing be completed within the prescriptive period, only commenced.
In connection with plaintiffs’ argument we note that the title of Art. 3462, as well as the revision comments, speak of the “filing” of a suit to interrupt prescription even though the text of the article speaks of the commencement of a suit. Nonetheless, we find that the arguments on both sides of this issue are appealing. We come down on plaintiffs’ side because of the principle that prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished. Doskey v. Hebert, 93-1564 (La.App. 4 Cir. 9/29/94), 645 So.2d 674, 679. While relator’s position has a great deal of merit, plaintiffs’ argument creates sufficient doubt to apply the principle that a reasonable doubt should be resolved in favor of overruling rather than sustaining an exception of prescription.
Accordingly, the judgment appealed from is affirmed.

AFFIRMED.