734 So.2d 1257 (1999)
Tamira ANTOINE, et al., Plaintiffs Appellants,
v.
McDONALD'S RESTAURANT, DefendantAppellee.
No. 98-1736.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1999.
*1258 Valerie Gotch Garrett, Lafayette, for Tamira Antoine, et al.
Michael Edward Parker, Lafayette, for McDonald's Restaurant.
BEFORE: YELVERTON, THIBODEAUX, and SULLIVAN, Judges.
YELVERTON, J.
The issue before this court is whether the failure to file the original signed petition and pay a $5.00 transmission fee for a facsimile filing within five days after transmission as required by La.R.S. 13:850 is prescriptively fatal to plaintiff's cause of action. The trial judgment maintained a plea of prescription. We affirm.[1]

Facts
Tamira Antoine and her child were allegedly injured in a slip-and-fall accident that occurred at a McDonald's restaurant in Lafayette on March 17, 1996. On a Monday following the anniversary date of the alleged injury, Ms. Antoine filed suit by facsimile (fax) transmission on her behalf and on behalf of her minor son against Mac-Laff, Inc. (improperly designated McDonald's Restaurant of La., Inc.). She faxed the suit at 10:52 p.m. on March 17, 1997. The fax filing was stamped received *1259 by the Lafayette Parish Clerk of Court's office the next morning, March 18, 1997.
On July 25, 1997, Ms. Antoine filed a hard copy of the petition with the clerk's office. This filing was given a separate docket number and later consolidated with the faxed suit. A pauper affidavit and application accompanied Ms. Antoine's July 1997 filing, and the trial court granted the plaintiff pauper status at that time.
On April 23, 1998, Mac-Laff filed an exception of prescription based on Antoine's failure to timely file her petition within one year of the date of the alleged injury and her failure to meet the requirements of La.R.S. 13:850 regarding facsimile filings. The trial court granted Mac-Laff's exception and dismissed the suit finding that the fax filing at 10 p.m. on March 17, 1997, after the close of the clerk's office, did not interrupt prescription. He also found that Ms. Antoine failed to submit the $5.00 transmission fee within five days of the date of the facsimile filing required by La.R.S. 13:850(B) thereby rendering the fax filing ineffective. Ms. Antoine appeals.

Law
Facsimile filing is authorized by La.R.S. 13:850 which states in part:
A. Any paper filed in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.
The initial faxed petition was received by the Lafayette Parish Clerk of Court's office, but the transmission itself was not dated and did not contain a time stamp. It was not recorded as filed by the office of the Clerk of Court until the next business day, March 18, 1997. The deputy clerk, Ms. Janet Guidry, testified that if the petition had contained a time and date, it would have been recorded as filed at that time and date. However, since the fax did not contain a time or date, Ms. Guidry could not verify whether the petition had been faxed on the seventeenth or the eighteenth. The trial court found that the petition was indeed filed by facsimile on March 17, 1997, at "ten o'clock or somewhere around that time, which was past the filing hours of the clerk's office," and that this would not act to interrupt prescription.
We disagree to some extent with this interpretation of La.R.S. 13:850(A), because the statute states that the filing shall be deemed complete at the time the facsimile is received and a receipt of transmission is issued by the clerk of court. The statute does not require that the transmission be received during the regular office hours of the clerk's office. Prescription did not act to extinguish Ms. Antoine's claim until midnight of March 17, 1997. La.Civ.Code arts. 3456, 3492; Ruello-Nicaud v. Allstate Insurance Co., 98-0610 (La.App. 4 Cir. 4/15/98); 714 So.2d 55, writ denied, 98-1308 (La.6/26/98); 719 So.2d 1062. Therefore, the fax transmission could have interrupted prescription if all of the other requirements of La.R.S. 13:850 had been followed by the plaintiff. This is consistent with the principle that prescriptive statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished. Ruello-Nicaud, 714 So.2d 55. The record *1260 does not contain evidence of a transmission receipt issued by the clerk of court. Nevertheless, the jurisprudence supports the position that failure to issue a transmission receipt on the date of filing does not affect the date of filing. Id. Issuance of a transmission receipt will always be after the transmission, albeit usually only a short time after the fax transmission itself. Therefore, La.R.S. 13:850(A) cannot mean literally that the fax filing is complete on the happening of both receipt by the clerk of the transmission and the clerk's verification of this receipt by his transmission of a receipt to the sender. The statute does not require that the receipt of the transmission itself be transmitted as a mandatory duty within a certain time, and the provisions of Subsection C apply only when a party fails to comply with the statutory requirements. The purpose of the statute is carried out by looking to the fax filing as complete for prescription purposes upon receipt of the transmission by the clerk's office, while the filing of a receipt by the clerk of court serves only as an acknowledgment and proof of the time of the fax filing.
Here, the fact is that the clerk's office received Ms. Antoine's petition by fax on March 17, 1997, at around 10:00 p.m. The absence of a transmission receipt by the clerk's office to Ms. Antoine does not change this fact. Therefore, Ms. Antoine's filing by fax on March 17, 1997, could have interrupted prescription on her cause of action had the remaining mandatory statutory requirements for fax filings been met.
However, like the trial judge, we find that Ms. Antoine failed to meet the mandatory requirements of La.R.S. 13:850 following the fax filing. Louisiana Revised Statute 13:850(B)(3) requires that a transmission fee of $5.00 be forwarded to the clerk of court within five days after the fax of the petition. At the hearing on the exception, Ms. Guidry, deputy clerk, stated that the $5.00 transmission fee is marked as paid on all faxes on the date that the fax is received. However, she explained that the fee is actually collected later, when the original hard copy is presented within the five-day period provided by La.R.S. 13:850(B). In the instant case, the $5.00 transmission fee was marked as paid on March 18, 1997, the day the fax transmission was recorded as received by the clerk's office. However, the transmission fee was not actually ever paid by Ms. Antoine. The trial judge found as a fact that the fee was never paid. This finding of fact is supported by the record.
Ms. Antoine contends that pauper papers were filed which would cover the transmission fee. However, the pauper papers were dated May 12, 1997, which fell well beyond the five-day period provided for payment of the fees under La.R.S. 13:850(B). Ms. Antoine's request for pauper status was not granted until July 28, 1997, when the hard copy was filed, and this was beyond the five-day statutory limit. Ms. Guidry specifically testified that once the clerk's office receives the original petition, "at that time, it's either considered a pauper if they have everything filed with it, or at the time of receiving the original, the money should be put up."
The case of Brown v. American Nat. Property & Cas. Co., 98-2292 (La.App. 4 Cir. 10/28/98); 720 So.2d 1278, stresses the necessity of timely paying the fees required under La.R.S. 13:850. In Brown the plaintiff was injured on July 7, 1996. On July 7, 1997, plaintiffs counsel faxed a petition to the clerk of court's office and also filed a copy of the original petition with a check for $202.50. That same day, the clerk's office sent to counsel a fax confirmation informing counsel of the requirements of La.R.S. 13:850. Included within this notice was an itemized accounting which showed total fees due in the amount of $215.50. This included the original filing fee of $203.00, a $5.00 filing fee, and an additional $7.50 for the extra faxed pages. The defendant then filed an exception of prescription based on plaintiffs's failure to send the full amount due within five days of the fax filing. The trial court, *1261 however, overruled the exception. The fourth circuit reversed and found that the check sent by plaintiff's counsel was insufficient to cover the filing fee and transmission fees. The court stated:
Because the plaintiff failed to remit within the five-day period or in this case by July 14, 1997, the amounts required by the express and mandatory language of La.R.S. 13:850(C), the facsimile filing on July 7, 1997 was without "force or effect" and could not interrupt prescription on plaintiff's claim against the defendants.
Id. at 1279.
We also find a second defect in the fax filing of Ms. Antoine's petition. The record does not contain an original petition filed within the requisite five days of the fax filing. Louisiana Revised Statute 13:850(B)(1) provides that the original signed document must be forwarded to the clerk of court within five days after the clerk has received the fax transmission. Ms. McZeal, a secretary, testified that the normal office procedure following a filing by fax was to file a "hard copy" with the clerk's office. Ms. McZeal recalled that she followed up with a hard copy after the transmission, but she could not recall the specific date. The record reflects that the only hard copy of Ms. Antoine's suit was filed, along with pauper papers, on July 25, 1997. It was given a new docket number and then consolidated with the docket number containing the fax filing. There is no record of the filing of any other original petition.
The case of Martin v. Kroger Co., 29,915 (La.App. 2 Cir. 10/29/97); 702 So.2d 347, writ denied, 98-0033 (La.3/13/98); 712 So.2d 881, supports the proposition that a facsimile transmission of plaintiffs' petition will not interrupt prescription if the original is not delivered to the clerk within five days of the fax transmission date. In Martin a plaintiff slipped and fell at a Kroger supermarket on April 12, 1993. The plaintiffs faxed their petition to the clerk's office on April 12, 1994. However, the original petition and necessary filing fee were not delivered until June 21, 1994, over two months from the fax transmission. The trial court sustained defendant's exception of prescription. The appellate court affirmed finding that plaintiff failed to meet the statutory requirements of La. R.S. 13:850. Therefore, the facsimile filing did not interrupt prescription.
The requirements of La.R.S. 13:850(B) are mandatory, and they include the filing of the original document and the payment of a transmission fee of $5.00. Louisiana Revised Statute 13:850(C) expressly provides that a fax filing has no force or effect if the requirements of Subsection B are not complied with.
In the case at hand the only record of an original petition is the one filed July 25, 1997. Further, the applicable fees were not paid. We agree with the trial judge that the facsimile filing on March 17, 1997, did not interrupt prescription on Ms. Antoine's claim.
The judgment of the trial court is affirmed at Ms. Antoine's costs.
AFFIRMED.
NOTES
[1] This suit was consolidated with another just like it at the trial level. A separate judgment is today being handed down in Tamira Antoine, et al. v. McDonald's Restaurant, 98-1737, (La.App. 3 Cir. 5/5/99); 734 So.2d 1261.