STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-153
Consolidated with
04-152 &04-154

NORTHERN INSURANCE COMPANY OF NEW YORK

VERSUS

DAN GABUS D/B/A MARTIAL ARTS ACADEMY AND/OR BAYOU
CRANE PRODUCTIONS AND ABC INSURANCE COMPANY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NUMBER 20024987
HONORABLE BYRON HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLIE COLOMBARO WOODARD
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billie Colombaro
Woodard, and Marc T. Amy, Judges.

REVERSED AND REMANDED.

Gregory J. McDonald
Bienvenu, Foster, Ryan & O'Bannon
1010 Common Street, Suite 2200
New Orleans, Louisiana 70112
(504) 310-1544
COUNSEL FOR
PLAINTIFF/APPELLANT:
 Assurance Company of America

Henry Provosty
Edgar D. Gankendorff
Christophe B. Szapary
Provosty, Salder, deLaunay, Fiorenza
& Sobel
650 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
(504) 410-2795
COUNSEL FOR
DEFENDANTS/APPELLEES:
 Dan Gabus d/b/a Martial Arts
Academy and Bayou Crane
Productions and Certain Underwriters
at Lloyd's London

Kraig Thomas Strenge
Post office Drawer 52292
Lafayette, Louisiana 70502-2292
(337) 261-9722
COUNSEL FOR
PLAINTIFF/APPELLEE:
    Styles Fashion Outlets, Inc.
    Lafayette Insurance Co.

William M. Blackston
Hoffman, Siegel, Seydel, et al.
2100 Poydras Center
New Orleans, Louisiana 70130
(504) 523-1385
COUNSEL FOR
PLAINTIFF/APPELLE:
    Allstate Insurance Co.

Robert L. Ellender
Voorhies & Labbe
Post Office Box 3527
Lafayette, Louisiana 70502-3527
(337) 232-9700
COUNSEL FOR
DEFENDANT/APPELLE:
    Domengeaux & Foreman d/b/a
La Promenade Mall, et al.

2

WOODARD, Judge.

Assurance appeals the trial court's dismissal of its action against Gabus on an exception of prescription. We reverse the trial court's ruling and remand the matter for further proceedings.

* * * * *

On September 30, 2001, there was a fire in La Promenade Mall (Promenade) in Lafayette, Louisiana. Allegedly, defective wiring and installation caused the fire and incited several lawsuits against the Defendant, Dan Gabus, individually and doing business as Martial Arts Academy and Bayou Crane Productions (Gabus), and his insurers, certain underwriters at Lloyd's London (Lloyd's), for damages the fire caused. The trial court consolidated the cases against Gabus, only two of which are the subject of this appeal. Subway of Acadiana (Subway) and It's the Hair, Inc. (Hair) leased space and operated their respective businesses in Promenade. Both businesses suffered property damages and interruption of their businesses due to the fire. On September 24, 2002, Northern Insurance Company of New York (Northern), a subsidiary of Zurich Insurance Company (Zurich), filed a claim against Gabus, stating that it insured both businesses and had compensated them for damages the fire caused and, therefore, was subrogated to Subway's and Hair's rights.

Subsequently, Northern realized that another of Zurich's subsidiaries, Assurance Company of America (Assurance), was actually Hair's insurer; Northern only insured Subway. Counsel for Northern and Assurance filed a supplemental and amending petition, adding Assurance as a party plaintiff. The trial court dismissed Assurance's claim on an exception of prescription. Assurance appeals.

* * * * *

**Timeliness of Supplemental and Amending Petition**

Assurance urges that the amended petition simply substituted it for Northern as Hair's insurer and, therefore, relates back to the date of the original petition. On the contrary, Gabus urges that it does not relate back because, in substance, it is a new claim.

1

Notwithstanding, we need not address this issue, as the record demonstrates that Assurance filed its claim within the one-year prescriptive period and does not need the benefit of the "relating back" principle.[1]

The instant action is a delictual one which La.Civ.Code art. 3492 governs, imposing a one year prescriptive period. The fire occurred on September 30, 2001, making September 30, 2002 the last day of the prescriptive period. Northern/Assurance faxed the supplemental and amending petition to the Clerk of Court in Lafayette Parish on September 30, 2002.

Louisiana Revised Statute 13:850 allows parties to validly file pleadings via facsimile as long as they comply with the statute's requirements, which are:

> Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
>
> (1) The original signed document.
> (2) The applicable filing fee, if any.
> (3) A transmission fee of five dollars.

Assurance maintains that it mailed the original document on the same day it transmitted the fax. However, the Clerk of Court stamped the document October 8, 2002. This court has yet to expressly hold, but has implied, that we would follow other circuits' interpretation that a party who takes advantage of La.R.S. 13:850 does not receive the benefit of the "mailbox rule" as well.[2] In other words, placing the document and fees in the mail does not satisfy "shall forward" under the statute; rather, the party must "deliver" the document and fees to the Clerk of Court within the five day period.[3] Nor does the case at bar present a situation requiring us to expressly hold that the "mailbox rule" is inapplicable under La.R.S. 13:850, because we find that the Clerk received the pleading and fees within the five day period.

---

[1]*See* La.Code Civ.P. art. 1153.

[2]*See Antoine v. McDonald's Restaurant*, 98-1736 (La.App. 3 Cir.1999, 734 So.2d 1257, 1998-1736 (La.App. 3 Cir. 5/5/99).

[3]*See Id.* (citing *Martin v. Kroger Co.*, 29,915 (La.App. 2 Cir. 10/29/97), 702 So.2d 347, *writ denied*, 98-0033 (La.3/13/98), 712 So.2d 881).

Under normal circumstances, October 8, 2002 would be beyond the five day period. Nonetheless, Hurricane Lili compelled the Fifteenth Judicial District Court in Lafayette Parish to close at noon on Wednesday, October 2, 2002. It did not reopen until Tuesday, October 8, 2002. After the trial court heard the matter and granted Gabus' exception of prescription, Assurance realized that it did not need the benefit of "relating back" to Northern's original petition because it filed the supplemental and amending petition within the one year prescriptive period.

As a general rule, if a party fails to raise an issue in the trial court, we will not entertain it on appeal. However, when extraordinary circumstances require it, we will exercise our authority under La.Code of Civ.P. art. 2164 to reach a just result. In this instance, the courthouse's emergency closing constitutes such extraordinary circumstances, and the record clearly reveals that Assurance's claim is not prescribed.

Furthermore, we need not remand the case for the parties to present the issue to the trial court because proof of the timely filing is apparent from the evidence already in the record.[4] Namely, the record includes a copy of the emergency order closing the court. Also, the facsimile of the supplemental and amending petition, dated September 30, 2002, is in the record, as well as a copy of the receipt that the Clerk faxed to Assurance's counsel on October 1, 2002, documenting that he received the supplemental and amending petition via fax on September 30, 2002 at 2:11 p.m.

While La.R.S. 13:850 deems filing *completed* when "the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court," this court has held that **"[i]ssuance of a transmission receipt will always be after the transmission, albeit usually only a short time after the fax transmission itself. Therefore, La.R.S. 13:850(A) cannot mean literally that the fax filing is complete on the happening of both receipt by the clerk of the transmission and the clerk's verification of this receipt by his transmission of a receipt to the sender."**[5]

Moreover, La.Code Civ.P. art. 253 requires the Clerk to endorse the fact and date of filing *"upon receipt* of the pleadings or documents by the clerk." (Emphasis added.) Thus, even though the Clerk did not fax a receipt until October 1, 2002, the

<hr/>

[4]*See Salley v. Salley*, 94-418 (La.App. 3 Cir. 11/23/94), 647 So.2d 1164.

[5]*Antoine v. McDonald's Restaurant*, 98-1736 (La.App. 3 Cir.1999, 734 So.2d 1257, 1998-1736 (La.App. 3 Cir. 5/5/99).

receipt proves that the Clerk received the document on September 30, 2002. Consequently, if the Clerk received the original document and fees within five days, exclusive of holidays, then the facsimile has the same force and effect as the original, which results in a timely filing on September 30, 2002.

The Fifteenth Judicial District Court's closure on October 2, 2002 through October 7, 2002 constitute legal holidays for the purpose of calculating La.R.S. 13:850's five day period.[6] Accordingly, the clerk's receipt of the original document on October 8, 2002 was within the five day period. Because Assurance complied with La.R.S. 13:850's requirements, the Clerk's stamp should have reflected September 30, 2002 as the filing date.

Accordingly, the trial court erred in granting Gabus's exception of prescription. We reverse its ruling and remand the case to the trial court for further proceedings.

## CONCLUSION

We find that Assurance complied with La.R.S. 13:850 and, therefore, filed its supplemental and amending petition within the one year prescriptive period for delictual actions. This pretermits a decision of whether the supplemental and amending petition constitutes a new claim as opposed to a substitution of parties. We reverse the trial court's judgment and remand the matter for further proceedings. Accordingly, we cast the costs of this appeal on Gabus and its insurers.

**REVERSED AND REMANDED.**

---

[6]*See* La.R.S. 1:55(E)(3); La.Code Civ.P. art. 5059.