# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 06-1241


**FILLMORE WRIGHT, ET AL.**

**VERSUS**

**ST. LANDRY PUBLIC HOUSING CORP., ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 05-C-6203-A
HONORABLE JAMES PAUL DOHERTY, JR., DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**BILLY HOWARD EZELL**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Billy Howard Ezell, Judges.


**AFFIRMED.**


**Peter F. Caviness**
**Dauzat, Falgoust, Caviness & Bienvenu**
**P. O. Drawer 1450**
**Opelousas, LA 70571-1450**
**(337) 942-5811**
**Counsel for Defendant/Appellee:**
**St. Landry Public Housing Corporation**

**Brian K. Thompson**
**Attorney at Law**
**P. O. Box 13984**
**Alexandria, LA 71315**
**(318) 473-0052**
**Counsel for Plaintiffs/Appellants:**
**Fillmore Wright**
**Pearlie Wright**

**EZELL, JUDGE.**

This appeal raises the issue of whether a facsimile filing pursuant to La.R.S. 13:850 is considered received by the clerk of court on a legal holiday or a regular business day if the courthouse has been closed pursuant to a court order for the New Year holiday. The trial court found that December 30, 2005, was a regular business day, not a legal holiday and that the Plaintiffs failed to file the required documents within five days after the fax transmission. The trial court dismissed the Plaintiffs' case as prescribed. We affirm.

### FACTS

Pearlie and Fillmore Wright filed a suit for damages for the wrongful death of their son. In their petition they allege that their son was stabbed by Christopher Edwards on December 30-31, 2004, while he was visiting at the LeBeau Housing Project in St. Landry Parish.

On December 30, 2005, at approximately 4:05 p.m., the Wrights filed suit by facsimile transmission. Subsequently, on January 10, 2006, a hard copy of the suit was filed. Two pauper affidavits and an order requesting to proceed *in forma pauperis* were attached. Pauper status was denied on January 11 for failing to provide additional paperwork as required by Rule 6 of the Twenty-Seventh Judicial District Court local rules.

On March 6, 2006, the St. Landry Public Housing Corporation filed an exception of prescription alleging that the original petition was not filed until more than five days after the facsimile filing in violation of La.R.S. 13:850. The trial court granted the exception finding that the facsimile transmission was received by the clerk's office on December 30, 2005, and the original petition was filed more than five days later.

1

The Wrights claim that the clerk of court could not accept fax filings on December 30, 2005, since the chief judge had ordered the closure of the courthouse for the New Year holiday. The Wrights argue that due to the Chief Judge's order, December 30 became a legal holiday and the effective date of filing is actually January 2, 2006. The Wrights further claim that pursuant to La.Code Civ.P. art. 288, which provides for the functions which a district court clerk may exercise on a legal holiday, the clerk of a district court could not accept a facsimile filing on that day. They argue further that if December 30 is considered a legal holiday, then the Wrights' filing of the signed original and fees on January 10 would be timely. The evidence shows that December 30, 2005 was a Friday. December 31, January 1, and January 2 were legal holidays. January 3, 2006 was a Tuesday, and the following weekend, January 7 and 8, were legal holidays. Therefore, January 10 is the fifth day after January 3 for purposes of La.R.S. 13:850.

Legal holidays are provided for in La.R.S. 1:55. Section E specifically refers to the closure of the clerk of courts' offices as follows:

> (1)(a)(i) Each clerk of a district court, parish court, and city court shall close his office on the following days: New Year's Day, January first; Washington's Birthday, the third Monday in February; Good Friday; Memorial Day, the last Monday in May; the Fourth of July; Labor Day, the first Monday in September; All Saints' Day, November first; Veterans' Day, November eleventh; Thanksgiving Day, the fourth Thursday in November, and the next day, Friday; Christmas Eve Day; Christmas Day; and New Year's Eve Day, December thirty-first.

> (ii) Whenever New Year's Day, the Fourth of July, or Christmas Day falls on a Saturday, the preceding Friday shall be a holiday. Whenever New Year's Day, the Fourth of July, or Christmas Day falls on a Sunday, the following Monday shall be a holiday.

> (iii) In addition, in the city courts of Hammond and Sulphur, Ward Four, Mardi Gras and the day on which the national observance of Martin Luther King, Jr.'s birthday is celebrated shall be legal holidays and the clerk of court shall close his office on those days. In addition,

2

in the city court of Sulphur, the second Monday in October, Christopher Columbus Day shall be a legal holiday and the clerk of city court shall close his office on that day. Notwithstanding any other law to the contrary, Mardi Gras shall be a legal holiday for the clerks of court for the parishes of East and West Feliciana, East Baton Rouge, Iberville, Pointe Coupee, West Baton Rouge, St. John the Baptist, St. Charles, Lafourche, St. Mary, Assumption, Terrebonne, St. Martin, Ascension, St. James, St. Tammany, St. Bernard, Jefferson Davis, Livingston, Acadia, Vermilion, Calcasieu, Orleans, Allen, and Tangipahoa.

(b) In addition, each clerk of a district court, parish court, and city court shall close his office on all of the legal holidays provided in R.S. 1:55(B)(1)(a) and on any day that the governor has proclaimed a legal holiday pursuant to R.S. 1:55(B)(3). Notwithstanding the provisions of Paragraph (2) of this Subsection, each clerk of a district court, parish court, and city court shall close his office on any day an emergency situation has been declared by the governor or the local governing authority and governmental entities, including the courthouse, have been ordered to close.

(c) In addition, each clerk of a city court or parish court, with the approval of the chief judge of the court, may close his office on the day proclaimed by the governor or the local governing authority as a holiday in honor of Dr. Martin Luther King, Jr.'s birthday.

(d) In addition, each clerk of court in the parishes of St. James and St. John the Baptist shall close his office on any day upon which the governor has proclaimed a legal holiday. The provisions of this Section shall not apply to Inauguration Day once every four years or General Election Day every two years.

(e) In addition, the clerk of court of the Fifteenth Judicial District Court and the clerk of court of the City Court of Abbeville, in the parish of Vermilion, shall close their offices on the Friday before the first weekend in October, in observance of the Cattle Festival in Abbeville, unless there is an election on the first Saturday in October in Vermilion Parish.

(2) If an emergency situation develops which, in the judgment of the clerk of court, renders it hazardous or otherwise unsafe for employees of the office of the clerk to continue in the performance of their official duties or for the general public to conduct business with the clerk's office, the clerk, with prior approval from the clerk's chief judge or other person authorized to exercise his authority, may order the closing of his office for the duration of the hazardous or unsafe condition. No such closure shall be effective nor shall such period of closing be considered a legal holiday unless prior written approval or written confirmation from such chief judge or person acting on his behalf is received by the clerk of court. When the office is reopened, the clerk shall have published as soon as possible a legal notice in all of the

official parish journals of the parishes within the district setting forth the dates of closure, the hour of closure if applicable, the reasons for closure, and a statement that, pursuant to R.S. 1:55(E)(3), these days or parts of days were legal holidays. The clerk shall attach a similar statement to every document, petition, or pleading filed in the office of the clerk on the first day or part of a day his office is open after being closed under the provisions of this Paragraph, whenever the petition or document relates to a cause of action, right of appeal, or other matter against which prescription could have run or time periods imposed by law could have expired.

(3) Only the enumerated holidays in Paragraph (1) of this Subsection, days of closure under Paragraph (2) of this Subsection, Mardi Gras only in those parishes in which the governing authority of the parish declares a holiday under authority of Subsection A(3) of this Section, and all Saturdays and Sundays shall be considered as legal holidays for the purposes of Article 5059 of the Louisiana Code of Civil Procedure.

(4) The Municipal Court of New Orleans and the Traffic Court of New Orleans shall have the same legal holidays as the Civil District Court for the parish of Orleans and the Criminal District Court for the parish of Orleans.

Subsection b in this section does allow the governor to declare additional legal holidays and provides that the chief judge can declare a legal holiday when an emergency situation exists. However, there is no authority for the chief judge to simply declare a legal holiday for the clerk of court's office.

Therefore, while the clerk of court's office was closed, it was not a legal holiday. Granted, no party would have been able to physically file petitions, but the Wrights chose to file their petition by facsimile filing. Pursuant to *Antoine v. McDonald's Restaurant*, 98-1736 (La.App. 3 Cir. 5/5/99), 734 So.2d 1257, this court has held that the facsimile transmission does not have to be received during the regular office hours of the clerk's office. The court noted that "[t]he purpose of the statute is carried out by looking to the fax filing as complete for prescription purposes upon receipt of the transmission by the clerk's office, while the filing of a receipt by the clerk of court serves only as an acknowledgment and proof of the time of the fax

4

filing." *Id*. at 1260.

Since the Wrights filed their petition by facsimile transmission, they were obligated to follow the mandates of La.R.S. 13:850(B), which required them to submit the original signed document and filing fees within five days, exclusive of legal holidays. Counting legal holidays, the fifth day fell on January 9, 2005, and the Wrights did not file their documents until January 10, 2005. Pursuant to La.R.S.13:850(C), the facsimile filing had no effect because the Wrights failed to submit the required documents within five days. The trial court was correct in granting the exception of prescription filed by the St. Landry Public Housing Corporation.

For these reasons, the judgment of trial court granting the exception of prescription filed by the St. Landry Public Housing Corporation is affirmed. All costs of this appeal are assessed to Pearlie and Fillmore Wright.

**AFFIRMED.**