CARTER, C.J.
 

 12This appeal raises the issue of whether a facsimile filing pursuant to LSA-R.S. 13:850 requires a receipt from the clerk of court before the five-day period for filing the original document and payment of the applicable filing and transmission fees begins to run. The trial court found that the mandatory statutory language required that the original signed document, applicable filing fee, and transmission fee of $5.00, be sent within five days, exclusive of legal holidays, after the clerk of court received the facsimile transmission, regardless of whether the clerk of court transmitted an acknowledgment of receipt of the transmission to the plaintiff. Because the plaintiff failed to send the required document and payments within five days of the undisputed facsimile transmission, the trial court dismissed the plaintiffs ease as prescribed. We affirm.
 

 FACTS
 

 It is undisputed that the plaintiff, Christina Taylor, filed suit by facsimile transmission and the clerk’s office received the filing on April 11, 2008, for damages arising out of a motor vehicle accident that occurred on April 19, 2007. Thereafter, the plaintiffs original signed petition was filed on April 30, 2008. The record contains no evidence of the plaintiffs payment of applicable filing or transmission fees. The defendants, Bayou Fabricators and Roderick Lacombe, filed a peremptory exception raising the objection of prescription, alleging that the plaintiffs petition was clearly prescribed on its face. The plaintiff opposed the exception, arguing that the timely fax-filed petition on April 11, 2008, interrupted prescription, and that because the clerk of court never acknowledged receipt of the facsimile | ^transmission, the five-day time period for forwarding the original petition and paying the required fees never began.
 

 A hearing was held on the prescription issue, where argument was heard, but no evidence was introduced. At the hearing, counsel for plaintiff acknowledged that the original signed petition had not been sent within five days after the facsimile transmission had been undeniably received by the clerk’s office. Counsel for plaintiff further acknowledged that the applicable filing and transmission fees had not been paid within five days after the clerk of court received the facsimile transmission. It was undisputed that the clerk of court never sent plaintiff a receipt of the transmission. After the hearing, the trial court
 
 *188
 
 held that the plaintiff’s case was prescribed because the original petition was not filed and the fees were not paid within the statutorily required five-day time period after the clerk of court’s undisputed receipt of the facsimile transmission. The plaintiffs suit was dismissed with prejudice and at her cost. The plaintiff appealed, arguing that the clerk of court’s failure to acknowledge receipt of the timely fax-filed petition did not negate the facsimile transmission.
 

 DISCUSSION
 

 Louisiana Revised Statute 13:850 provides the following, in pertinent part:
 

 A. Any paper in a civil action may be filed with the court by facsimile transmission. ... Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
 

 B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
 

 14(/ )The original signed document.
 

 (2) The applicable filing fee, if any.
 

 (3) A transmission fee of five dollars.
 

 C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.... (Emphasis added.)
 

 The Louisiana supreme court recently interpreted the meaning of “shall forward” in this statute to mean “the sending of the document towards the place of destination[,]” thereby overruling in part much of the sparse jurisprudence analyzing LSA-R.S. 13:850.
 
 Hunter v. Morton’s Seafood Restaurant & Catering,
 
 08-1667 (La.3/17/09), 6 So.3d 152, 156. The supreme court further held that under the statute at issue, “a filing is
 
 merely conditional
 
 once a facsimile of a document is transmitted.... The date when an original document and fees have been forwarded to the Clerk’s Office is a fact to be proved by the sender. The sender must establish, by a preponderance of the evidence, that the original document and required fees have been forwarded to the Clerk’s Office in the time set forth in the statute.”
 
 Id.
 
 (Emphasis added.)
 

 In this case, the parties do not dispute and the hearing transcript on the exception of prescription clearly reveals that the plaintiffs original signed petition and required fees were not sent to the clerk of court within five days of the clerk’s undisputed receipt of the plaintiffs fax-filed petition. Therefore, pursuant to LSA-R.S. 13:850 C, the facsimile filing had no effect because the plaintiff failed to send the required documents and fees within the statutorily-mandated five days. The plaintiffs fax-filed petition could have interrupted prescription only if all of the other requirements of LSA-R.S. 13:850 had been followed.
 
 Antoine v. McDonald’s Restaurant,
 
 98-1736 (La.App. 3 Cir. 5/5/99), 734 So.2d 1257, 1259
 
 (overruled on other grounds
 
 by
 
 Hunter,
 
 6 So.3d at 155 n. 4). We find no merit to the plaintiffs argument that the clerk of court’s failure to issue a receipt of the facsimile transmission somehow negated the plaintiffs responsibility of sending the original signed petition and required fees within five days of the fax-filed petition.
 
 See Northern Ins. Co. of New York v. Gabus,
 
 04-153 (La.App. 3 Cir. 7/7/04), 877 So.2d 1183, 1185-1186. The statute does not require that the clerk of court transmit receipt of the fax-filing within a certain time.
 
 Antoine,
 
 734 So.2d at 1260. The purpose of the statute is
 
 *189
 
 carried out by looking to the fax filing as complete for prescription purposes upon receipt of the transmission by the clerk’s office, which is not disputed in this case. However, the transmission of a receipt of the facsimile by the clerk of court to the plaintiff serves only as an acknowledgment and proof of the time of the fax filing.
 
 Id.
 
 The timing and proof of the facsimile transmission are not at issue in this case.
 

 In summary, the undisputed facts are that the plaintiff fax-filed the petition on April 11, 2008, and the clerk’s office received the transmission on that same date. The absence of a transmission receipt by the clerk’s office to the plaintiff does not change these facts. Therefore, the plaintiffs fax-filed petition could have interrupted prescription on her cause of action had the remaining statutory requirements for fax filings been met.
 
 See Antoine,
 
 734 So.2d at 1259. However, like the trial court, we find that the plaintiff failed to meet the mandatory requirements of LSA-R.S. 13:850 B by not forwarding the original signed petition and required filing and transmission fees within five days of the clerk’s office receipt of the fax-filed petition. Louisiana Revised Statute 13:850 C expressly provides that a fax filing has no force or effect if the requirements of Subsection B are not | ^complied with. The only record of an original petition is the one filed on April 30, 2008, which plaintiff acknowledges was forwarded to the clerk of court after the required five-day time period and after the one-year prescriptive date for the plaintiffs cause of action. Accordingly, we agree with the trial court that the plaintiffs fax-filed petition did not interrupt prescription on the plaintiffs claim. Thus, the trial court correctly granted the defendant’s peremptory exception raising the objection of prescription.
 

 CONCLUSION
 

 For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiff/appellant, Christina Taylor.
 

 AFFIRMED.