783 So.2d 471 (2001)
Jarreth GRANGER
v.
JEFFERSON PARISH DEPARTMENT OF RECREATION and Jim Prince.
Nos. 00-CA-1811, 00-CA-1812.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 2001.
Jeffery A. Favors, New Orleans, for Plaintiff/Appellant, Jarreth Granger.
David S. Fos, Kenner, for Defendants/Appellees, Jefferson Parish Dept. of Recreation and Jim Prince.
Panel composed of EDWARD A. DUFRESNE, Jr., SOL GOTHARD and SUSAN M. CHEHARDY.
CHEHARDY, J.
In this consolidated matter, the trial court granted defendant's exception of prescription, dismissing the matter with prejudice. For the following reasons, we affirm.
On March 15, 2000, plaintiff, Jarreth Granger,[1] filed a petition for damages by facsimile transmission with the Clerk of Court's Office for the Twenty-Fourth Judicial District Court. Despite the petition being devoid of any signature of counsel, the petition was received, file-stamped and *472 assigned docket number 550-924, division "J" by the clerk's office. Along with the petition, plaintiff filed by facsimile transmission a Twenty-Fourth Judicial District Court "application for pauper status" form, which was filled out and signed by plaintiff's mother, Gwendolyn Granger, but was not dated or notarized as is required.
On March 27, 2000, a petition for damages was received by the clerk's office from counsel for the plaintiff through the mail, was file-stamped and was assigned docket number 551-379, division "D." The petition is identical to the one received by facsimile transmission on March 15, 2000, except that the second petition was signed by counsel for the plaintiff. Together with the petition for damages, the clerk's office received and file-stamped the same application for pauper status which was received by facsimile transmission on March 15, 2000, only the latter was dated and notarized.
In his identical petitions, plaintiff alleges that "on or about March 18, 1999," he sustained injuries while being directed to attempt a long jump try by a Jefferson Parish Department of Recreation track coach, defendant Jim Prince. Defendants responded by filing a peremptory exception of prescription, alleging that plaintiff's actions in instituting the lawsuit by facsimile transmission did not comply with the provisions of La. R.S. 13:850, and that only the second petition, filed March 27, 2000 was valid. Defendants asserted that since the only properly filed petition was filed more than one year after plaintiff's alleged injuries were sustained, plaintiff's claims had prescribed.
The two cases were consolidated, and after plaintiff filed an opposition to defendants' exception, the matter proceeded to a hearing on the exception on August 10, 2000. At the conclusion of the hearing, the trial court granted defendants' exception of prescription, dismissing the matter with prejudice. The trial court's ruling was reduced to a written judgment, executed by the trial court on August 14, 2000. This appeal ensued.
The statute which governs filing by facsimile transmission is La. R.S. 13:850, which provides in pertinent part:
A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.
In his opposition to defendants' exception of prescription, plaintiff attached the affidavit of a paralegal employed by plaintiff's counsel, who stated that she mailed the petition for damages and application for pauper status to the clerk's office on March 17, 2000, two days after the petition was faxed to the clerk's office. In his opposition to defendants' exception, and again on appeal, plaintiff argues that the word "forward" as used in subsection B of R.S. 13:850 only requires his counsel to "send" the original petition to the clerk of *473 court. Plaintiff's argument follows that as long as his counsel sends the original petition, filing fee and transmission fee to the clerk's office, the duty imposed on him by R.S. 13:850 has been met, and it is irrelevant when the original documents, as well as the funds required to process those documents, are actually received by the clerk's office. We disagree.
All pleadings or documents to be filed in an action or proceeding instituted or pending in a court shall be delivered to the clerk of court for such purpose. LSA-C.C.P. art. 253. A party obliged to file a pleading within a time limitation must ensure actual delivery, since it is the time when the clerk receives actual delivery which determines whether that pleading has been timely filed. Pelt v. Guardsmark, Inc., 451 So.2d 621 (La.App. 5th Cir.1984). Pursuant to LSA-C.C. Art. 3462, prescription is interrupted when the obligee commences action against the obligor in a court of competent jurisdiction and venue.
Martin v. Kroger Co., 29,915 (La.App. 2 Cir. 10/29/97), 702 So.2d 347, 349, writ denied, 98-0033 (La.3/13/98), 712 So.2d 881 (emphasis ours).
Based on the applicable statutes and caselaw, as well as a full reading of La. R.S. 13:850, it is apparent that in enacting R.S. 13:850, the legislature did not intend to allow litigants to skirt the strict confines of the prescription articles by transmitting a facsimile of a petition to a clerk's office within the prescriptive period, but then not have a deadline within which to file the original signed and verified document, along with the applicable filing fees and statutorily-imposed transmission fee. While the legislature could have chosen more precise language, it is clear upon reading La. R.S. 13:850 that a litigant can only avail himself of the convenience of filing a pleading by facsimile transmission if the litigant ensures that the original document is received by the clerk's office, along with all applicable fees, within five days, exclusive of legal holidays.[2] Any other interpretation discharges the legal and logical duty imposed on the party seeking to assert a claim to ensure that it is properly placed before a court of law.
In this matter, we, like the trial court, find that because the original petition for damages was not received by the clerk's office until more than five days, exclusive of legal holidays, after the facsimile transmission was received, that plaintiff's facsimile transmission cannot be considered to have interrupted prescription. La. R.S. 13:850. Since the original petition for damages was not received and filed by the clerk's office until March 27, 2000, plaintiff's claims, which accrued on March 18, 1999, have prescribed. La. C.C. art. 3492. Therefore, for the foregoing reasons, the trial court's August 14, 2000 judgment is hereby affirmed.
AFFIRMED.
NOTES
[1] While it is not alleged in his petition, Jarreth Granger is apparently a minor. While she is not named a plaintiff in the caption of the lawsuit, Jarreth's mother, Gwendolyn Granger, is named in the body of the petition as Jarreth's natural tutrix and legal representative.
[2] While not directly analyzing the issue, we have held this to be the case in Woods v. St. Charles Parish School Bd., 99-962 (La.App. 5 Cir.1/25/00), 750 So.2d 1168. In addressing R.S. 13:850, other Circuits have likewise found that in order for a facsimile transmission to be considered filed when transmitted, the original document and all applicable fees must be received by the clerk's office within five days, exclusive of legal holidays. See Martin v. Kroger Co., supra; Antoine v. McDonald's Restaurant, 98-1736 (La.App. 3 Cir.5/5/99), 734 So.2d 1257; and Brown v. American Nat. Property & Cas. Co., 98-2292 (La.App. 4 Cir.10/28/98), 720 So.2d 1278.