808 So.2d 660 (2001)
Donna Evans BRYANT, et al.
v.
Richard MILLIGAN, et al.
No. 00 CW 2524.
Court of Appeal of Louisiana, First Circuit.
June 6, 2001.
*661 Stephen E. Broyles, Baton Rouge, for Defendants/Relators.
Paula Hartley Clayton, Port Allen, Greg Rome, Baton Rouge, for Plaintiffs/Respondents.
Before GONZALES, PETTIGREW and SEXTON[*], JJ.
PER CURIAM.
This action commenced with a petition for damages filed by plaintiffs, Donna Evans Bryant and Derrick Bryant, individually and on behalf of their minor children, Christopher Anderson and Travis Anderson, for injuries allegedly sustained by Donna Bryant, on or about April 28, 1999, while making a nightly deposit, after closing for her employer Sonic Drive-In of Baton Rouge, Louisiana.
According to the writ application, plaintiffs fax filed their petition for damages to the Clerk of Court of East Baton Rouge Parish on April 27, 2000. Plaintiffs contend the original petition was mailed, along with a check, on May 4, 2000, the fifth day of the delay set forth in LSA-R.S. 13:850. However, the original petition included in the writ application is file stamped May 8, 2000.
In response, defendants Larry Tucker and Thurman Jenkins Tucker filed a peremptory exception raising the objections of *662 prescription and no cause of action. According to the minute entry of October 30, 2000, the trial court overruled the exception as to the objection of no cause of action, gave plaintiffs ten days to amend their petition to remove any ambiguity that existed, and further denied the objection of prescription. This writ application followed.
Defendants, applicants herein, argue that pursuant to LSA-R.S. 13:850, a plaintiff must forward his original petition within five (5) days, exclusive of legal holidays, of the facsimile transmission date for it to have effect. Relators contend because the plaintiffs' petition was faxed to the clerk of court on April 27, 2000, and their original petition was not delivered and filed until May 8, 2000, four days beyond the five day delay and more than one year after the accident, the April 27, 2000 fax filing has no effect and plaintiffs' claim has prescribed. We agree.
LSA-R.S. 13:850 governs filing by facsimile transmission in pertinent part, as follows:
A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
Plaintiffs argue that the mailbox rule should apply, and by depositing the original pleading in the mail, they have met the statutory requirements mandated by LSA-R.S. 13:850. Plaintiffs contend LSA-R.S. 13:850 only requires that the petition be "forwarded" to the clerk of court within five days of the facsimile transmission, not received by the court within the five day delay.
Under LSA-C.C. art. 3492, delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. All pleadings or documents to be filed in an action or proceeding instituted or pending in a court shall be delivered to the clerk of court for such purpose. LSA-C.C.P. art. 253. A party obliged to file a pleading within a time limitation must ensure actual delivery, since it is the time when the clerk receives actual delivery which determines whether that pleading has been timely filed. Pelt v. Guardsmark, Inc. 451 So.2d 621 (La.App. 5th Cir.1984). Pursuant to LSA-C.C. art. 3462, prescription is interrupted when the obligee commences an action against the obligor in a court of competent jurisdiction and venue. Martin v. Kroger Co., 29,915 (La.App. 2 Cir. 10/29/97), 702 So.2d 347, 349, writ denied, 98-0033 (La.3/13/98), 712 So.2d 881.
LSA-R.S. 13:850 provides that any paper in a civil action may be filed with the court by facsimile transmission. Filing is deemed complete when the facsimile transmission is received and a receipt has been *663 transmitted to the sender by the clerk of court. However, the facsimile transmission is not given force and effect unless the original petition and the applicable filing and transmission fees are forwarded to the clerk of court within five days after the clerk has received the transmission. This Court has previously held if a party fails to comply with these requirements, the facsimile filing shall have no force or effect. LSA-R.S. 13:850; Inferno Associates v. Division of Administration, 94-0657 (La. App. 1 Cir. 3/3/95), 652 So.2d 577.
We note that the title of LSA-R.S. art. 3462, as well as the revision comments, speak of the "filing" of a suit to interrupt prescription even though the text of the article speaks of the commencement of a suit. Based on the applicable statutes and caselaw, as well as a full reading of LSA-R.S. 13:850, we do not believe the legislature intended to allow litigants to skirt the strict confines of the prescription articles by transmitting a facsimile of a petition to a clerk's office within the prescriptive period, but then not have a deadline within which to file the original signed and verified document, along with the applicable filing fees and statutorily-imposed transmission fee. While the legislature could have crafted the statute more precisely, it is clear upon reading LSA-R.S. 13:850 that a litigant can only avail himself of the convenience of filing a pleading by facsimile transmission if the litigant ensures that the original document is received by the clerk's office, along with all applicable fees, within five days, exclusive of legal holidays, of the date of the facsimile transmission. Any other interpretation discharges the legal and logical duty imposed on the party seeking to assert a claim to ensure that it is properly placed before a court of law. See Granger v. Jefferson Parish Department of Recreation, 00-1811 (La.App. 5 Cir. 3/14/01), 783 So.2d 471; Antoine v. McDonald's Restaurant, 98-1736 (La.App. 3 Cir. 5/5/99), 734 So.2d 1257; Brown v. American Nat. Property & Casualty Co., 98-2292 (La.App. 4 Cir. 10/28/98), 720 So.2d 1278; Martin v. Kroger, 29,915 (La. App. 2 Cir. 10/29/97), 702 So.2d 347, writ denied, 98-0033 (La.3/13/98), 712 So.2d 881; Inferno Associates, Inc. v. Division of Administration, Office of State Purchasing, 94-0675 (La.App. 1 Cir. 3/3/95), 652 So.2d 577.
In the case at hand the original petition was filed with the clerk of court on May 8, 2000. We find the requirements of LSA-R.S. 13:850(B) are mandatory, and they include the filing of the original document and the payment of a transmission fee. In the instant matter the trial court denied defendants' peremptory exception raising the objection of prescription and found that the original petition had been forwarded to the clerk's office within the five day period mandated by LSA-R.S. 13:850. We reverse and find that because the original petition for damages was not received by the clerk's office until more than five days, exclusive of legal holidays, after the facsimile transmission was received, the plaintiffs' facsimile transmission cannot be considered to have interrupted prescription. LSA-R.S. 13:850. Since the original petition for damages was not received and filed by the clerk's office until May 8, 2000, plaintiffs' claims, which accrued on April 28, 1999, have prescribed. LSA-C.C. art. 3492.
For the foregoing reasons, the trial court's ruling of October 30, 2000, hereby is reversed and judgment is entered in favor of defendants granting their peremptory exception raising the objection of prescription and dismissing plaintiffs' suit.
WRIT GRANTED.
SEXTON, J. Pro Tem., concurs.
NOTES
[*] Judge Fred C. Sexton, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.