6 So.3d 152 (2009)
Peggie HUNTER
v.
MORTON'S SEAFOOD RESTAURANT & CATERING and XYZ Insurance Company.
No. 2008-C-1667.
Supreme Court of Louisiana.
March 17, 2009.
*153 Eric John Halverson, Jr., Metairie, for applicant.
The Law Office of John Finckbeiner, Jr., John Joseph Finckbeiner, Jr., New Orleans, for respondent.
TRAYLOR, Justice.
We granted certiorari in this matter to consider the meaning of the term "forward" as contained in the facsimile filing statute, La. R.S. 13:850.[1] For the following reasons, we find that "forward" means "to send." Consequently, we remand this matter to the trial court to allow plaintiff to present proof that she "forwarded" the original signed pleading, together with the filing and transmission fee, within five legal days from the date of the facsimile transmission of the document, as required by the statute.

FACTS AND PROCEDURAL HISTORY
Peggie Hunter ("Ms. Hunter") alleges that she was injured when she fell on March 10, 2006 as she was leaving Morton's Seafood Restaurant in Madisonville, Louisiana. On Thursday, March 8, 2007, Ms. Hunter filed a petition for damages by facsimile transmission against Morton's Seafood Restaurant & Catering and XYZ Insurance Company ("defendants"). Ms. Hunter's facsimile transmission was directed to the office of the Clerk of Court for the Twenty-Second Judicial District Court for the Parish of St. Tammany ("Clerk's Office"). On Friday, March 9, 2007, the Clerk's Office transmitted a receipt of transmission that Ms. Hunter's suit had been received on March 8, 2007. Thereafter, on Friday, March 16, 2007, the *154 United States Postal Service delivered Ms. Hunter's original petition, together with filing and facsimile transmission fees, to the Clerk's Office. The Clerk's Office stamped Ms. Hunter's original petition for damages as "filed" with the Clerk's Office on March 16, 2007. Ms. Hunt's original petition for damages also was stamped as "fax filed" on March 8, 2007.
On May 3, 2007, defendants filed a peremptory exception of prescription, asserting that Ms. Hunter's cause of action had prescribed because suit was not filed until March 16, 2007, more than one year after the date of the accident. On October 12, 2007, following a hearing, the trial court granted defendants' exception of prescription and dismissed Ms. Hunter's suit with prejudice. Ms. Hunter appealed the trial court's judgment to the First Circuit Court of Appeal.
On appeal, Ms. Hunter argued that the trial court erred in finding that her cause of action had prescribed. Ms. Hunter asserted that, pursuant to La. R.S. 13:850, she had timely forwarded the original petition to the Clerk's Office within five legal days of instituting her suit by facsimile transmission. However, defendants maintained that because the original petition was not received by the Clerk's Office until March 16, 2007, the sixth legal day following the facsimile filing, the petition was filed outside of the five-day requirement of La. R.S. 13:850.
The court of appeal, in an en banc decision, reversed the judgment of the trial court sustaining defendants' peremptory exception of prescription and remanded this matter to the lower court for further proceedings.[2] The court of appeal stated, in pertinent part, that:
[h]aving determined that the original petition was forwarded within five days of the receipt of the fax transmission by the clerk of court, and there being no issue of nonpayment of fees, the trial court erred in failing to give said fax filing force and effect. Therefore, because Ms. Hunter's petition was filed as of March 8, 2007, it was timely filed pursuant to La.C.C. art. 3492 and La. R.S. 13:850. The trial court erred in granting [defendants'] peremptory exception raising the objection of prescription, and the October 12, 2007 judgment is hereby reversed. All First Circuit Court of Appeal jurisprudence not consistent with the ruling in this case is overruled.[3]
Defendants now seek this court's supervisory review of the First Circuit Court of Appeal's decision.

LAW AND DISCUSSION
La. R.S. 13:850 provides the following:
§ 850. Facsimile transmission; filings in civil actions; fees; equipment and supplies
A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing *155 the document shall forward the following to the clerk:
(1) The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund. [Emphasis added.]
Defendants argue that before the First Circuit Court of Appeal's decision herein, the words "shall forward" in this statute have been interpreted by this state's appellate courts to mean "shall deliver" or "clerk shall receive."[4] However, in the instant matter, the First Circuit has interpreted "shall forward" to mean "send." Defendants contend that such an interpretation allows for undue delays, contrary to legislative intent, and leads to absurd consequences.
Ms. Hunter counters that the plain language of La. R.S. 13:850(B) is clear, and that in order to satisfy the mandates of the statute, a litigant must only "forward" the original pleading with filing and facsimile transmission fees within five days, exclusive of legal holidays. Because the statute does not provide a time period in which delivery must be achieved or identify a particular means of forwarding, Ms. Hunter asserts that any means of transmitting the original document and fees within five legal days is allowed by the statute.
The appropriate starting point in statutory interpretation is a consideration of the language of the statute itself. Touchard v. Williams, 617 So.2d 885, 887 (La.1993). When a statute is clear and unambiguous and its application does not lead to absurd consequences, the statute is applied as written. La. R.S. 1:4;[5] La. C.C. art. 9.[6] Those who enact statutory provisions are presumed to act deliberately and with full knowledge of existing laws on the same subject, with awareness of court cases and well-established principles of statutory construction, and with knowledge of the effect of their acts and a purpose in view. State v. Johnson, 2003-2993, p. 11 (La.10/29/04); 884 So.2d 568, 576; Theriot v. Midland Risk Insurance *156 Co., 1995-2895, p. 3 (La.5/20/97); 694 So.2d 184, 186.
The only issue in this case is the meaning of the term "forward" as found in La. R.S. 13:850(B). The Louisiana Revised Statutes provide guidance as to the meaning of terms in statutes. Specifically, La. R.S. 1:3 provides, in pertinent part, that "[w]ords and phrases shall be read with their content and shall be construed according to the common and approved usage of the language." La. R.S. 13:850(B) requires that the original pleading and filing and facsimile transmission fees shall be "forwarded" to the clerk. Black's Law Dictionary defines "forward" as "[t]o send forward; to send toward the place of destination; to transmit."[7] The definition of this term does not include the concept of "delivery" or "receipt." Consequently, we hold that to forward a document as required in La. R.S. 13:850(B), a litigant must only send the document; the sending of the document towards the place of destination is all that is required, pursuant to the clear and unambiguous language of La. R.S. 13:850(B).[8]
Defendants argue that the problem with interpreting the word "forward" in the statute to mean "send" leads to absurd consequences because such an interpretation will result in litigation regarding the sending date of documents. Defendants maintain such a consequence justifies the appellate courts' previous interpretation of the word "forward" in its decisions to mean the delivery or receipt of the document and fees. Ms. Hunter suggests that issues of proof should not be confused with application of a clear and unambiguous law.
Under the statute at issue, a filing is merely conditional once a facsimile of a document is transmitted. There is no legislative directive in the statute itself or in the statute's history as to the manner in which section (B) of the statute is to be satisfied to make the filing complete. However, the absence of legislative directive regarding the manner in which to forward the original document and fees does not prohibit the court from upholding the literal meaning of the statute. During oral argument, this court and counsel for the parties discussed methods which can be used to "forward" documents and fees as required by La. R.S. 13:850. In the instant case, Ms. Hunter forwarded her original pleading, together with the filing and facsimile transmission fees, by United States Postal Service to the clerk. In addition to the United States Postal Service, other courier services were discussed, as well as the forwarding of documents and fees in person or by less conventional means.
The date when an original document and fees have been forwarded to the Clerk's Office is a fact to be proved by the sender. The sender must establish, by a preponderance of the evidence, that the original document and required fees have been forwarded to the Clerk's Office in the time set forth in the statute. Talbot v. Talbot, XXXX-XXXX, p. 7 (La.12/12/03); 864 So.2d 590, 598 ("In civil cases, a party who has the burden of proof must prove the fact in issue by a preponderance of the evidence ...").
In the instant case, the parties do not dispute that Ms. Hunter forwarded the original document and fees to the Clerk's Office through the United States Postal Service. Further, there is no dispute that Ms. Hunter's original document and fees *157 were received by the Clerk's Office on the sixth legal day after the facsimile transmission of the pleading at issue. However, the trial court made no factual finding of whether Ms. Hunter forwarded the original document and fees within the five legal days required by La. R.S. 13:850(B).
The record, as it now exists, does not contain sufficient information for this court to make that factual determination. See, Picou v. Ferrara, 483 So.2d 915, 918 (La. 1986). Ms. Hunter argued in the trial court that the original document and required fees were sent to the Clerk's Office on March 9, 2007 by means of the United States Postal Service, and maintains that assertion in brief to this court. Argument, however, is not proof. The envelope by which the original document and required fees were forwarded through the United States Postal Service bears a Pitney Bowes stamp dated March 13, 2007. The United States Postal Service post mark is unclear. Consequently, we must remand this matter to the trial court to afford Ms. Hunter the opportunity to present proof, in the form of affidavits or other documents, such as proof of mailing, of the date on which the original document and required fees were forwarded to the Clerk's Office. Thereafter, the trial court may make the factual determination of whether Ms. Hunter complied with the requirements of La. R.S. 13:850, as interpreted by this court.

CONCLUSION
Based on the foregoing, we hold that the meaning of the word "forward" in La. R.S. 13:850, means to "send" the document. Because the trial court has made no factual finding of when Ms. Hunter "forwarded" her original document and required fees, this matter is hereby remanded for further proceedings consistent with the opinions expressed herein.
REMANDED.
WEIMER, J., concurs in part and dissents in part and assigns reasons.
WEIMER, J., concurring in part, dissenting in part.
I concur in the finding by this court that the word "forward" in LSA-R.S. 13:850 means to "send" the document, but do not find it necessary to remand the matter to the trial court.
The parties do not dispute that Ms. Hunter forwarded the original document and fees to the Clerk's Office through the United States Postal Service. Additionally, there is no dispute that the original document and fees were received by the Clerk's Office on March 16, 2007, the sixth legal day after the facsimile transmission of the pleading at issue. It is more probable than not that the original document and fees would not be received by the clerk on the same day they were mailed. Because of these facts, I believe the record contains sufficient information for this court to make the factual determination that the original document and fees were forwarded within the five legal days required by LSA-R.S. 13:850.
I would find that there are sufficient facts in the record to rule in plaintiff's favor without remanding the matter.
NOTES
[1] Acts 1991, No. 463, Section 1; Acts 1995, No. 1119, Section 1. The provisions of the statute are set out in the body of the opinion, infra.
[2] Hunter v. Morton's Seafood Restaurant & Catering, 2007-2396 (La.App. 1st Cir.7/3/08); 992 So.2d 1078.
[3] Id., 2007-2396, p. 10; 992 So.2d at 1084.
[4] See, e.g. Bryant v. Milligan, 2000-2524 (La. App. 1st Cir.6/6/01); 808 So.2d 660 (statute interpreted as "shall deliver (file)"); Granger v. Jefferson Parish Department of Recreation, XXXX-XXXX c/w XXXX-XXXX (La.App. 5th Cir.3/14/01); 783 So.2d 471 (statute interpreted as "clerk shall receive"); Antoine v. McDonald's Restaurant, XXXX-XXXX (La.App.3rd Cir.5/5/99); 734 So.2d 1257 (statute interpreted as "clerk shall receive"); Brown v. American National Property & Casualty Co., 1998-2292 (La.App. 4th Cir. 10/28/98); 720 So.2d 1278 (statute interpreted as "shall deliver (remit)"); Martin v. Kroger Company, 29, 915 (La.App.2nd Cir. 10/29/97); 702 So.2d 347, writ denied, XXXX-XXXX (La.3/13/98); 712 So.2d 881 (statute interpreted as "shall deliver"); Inferno Associates, Inc. v. Division of Administration, Office of State Purchasing, XXXX-XXXX (La.App. 1st Cir.3/3/95); 652 So.2d 577 (statute interpreted as "clerk shall receive").
[5] La. R.S. 1:4 provides:

Section 4. Unambiguous wording not to be disregarded
When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.
[6] La. C.C. art. 9 provides:

Art. 9. Clear and unambiguous law
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
[7] Black's Law Dictionary, p. 655 (6th ed.1990).
[8] Cases which hold to the contrary are expressly overruled.