NORA AGUIRRE
v.
XIOMARA AGUIRRE, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, JOHN DOE AND ABC INSURANCE COMPANY.
No. 2008 CA 0225
Court of Appeals of Louisiana, First Circuit.
June 24, 2009.
Not Designated for Publication
IVAN A. ORIHUELA, Counsel for Plaintiff/Appellant Nora Aguirre.
CARLA S. COURTNEY, HAROLD J. ADKINS, Counsel for Defendant/Appellee State Farm Mutual Automobile Insurance Company.
BEFORE: KUHN, GUIDRY, AND GAIDRY, JJ.
KUHN, J.
The plaintiff appeals from the trial court judgment, which granted the defense's peremptory exception raising the objection of prescription and dismissed her action with prejudice. For the reasons that follow, we vacate and remand.

FACTS AND PROCEDURAL HISTORY
The plaintiff, Nora Aguirre, alleged in her Petition for Damages that, on September 6, 2005, she was a guest passenger in a car driven by the defendant, Xiomara Aguirre, when the car was involved in a collision with a vehicle operated by an unidentified driver. The plaintiff named as a defendant, State Farm Mutual Automobile Insurance Company (State Farm), which had issued a policy of liability insurance providing coverage to Xiomara Aguirre, and the car she was driving, at the time of the collision.
On September 6, 2006, the plaintiffs counsel filed the Petition for Damages by facsimile transmission. At approximately 2:00 p.m. on the same day, the Clerk of Court for the 19th Judicial District Court sent an acknowledgement of the filing to the plaintiffs counsel. Thereafter, the Clerk of Court did not receive the original Petition for Damages until September 14, 2006, according to an affidavit by an official representative of the Clerk of Court, which was filed in the record. The Clerk's Office stamped the original petition: "fax copy filed 9/6/06" and "original filed 9/14/06."
On November 21, 2006, State Farm filed a peremptory exception of prescription, asserting that the plaintiffs action had prescribed because suit was not filed until September 14, 2006, more than one year after the date of the accident.[1] State Farm asserted in support of its exception that, pursuant to La. R.S. 13:850, the plaintiffs counsel had five days, exclusive of legal holidays, from the date the petition was filed by facsimile transmission, in which to file the original petition with the Clerk of Court. Thus, according to State Farm, the original petition was required to be filed no later than September 13,2006.[2]
After hearing the arguments of counsel on February 5, 2007, the trial court signed a judgment on June 6, 2007, granting State Farm's peremptory exception of prescription and dismissing the matter with prejudice. The plaintiff appeals from this judgment.

LAW AND DISCUSSION
La. R.S. 13:850 provides, in pertinent part, the following:
§ 850. Facsimile transmission; filings in civil actions; fees; equipment and supplies
A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission. ***
[Emphasis added.]
On appeal, the plaintiff asserts that on September 12, 2007, she forwarded via Federal Express overnight courier to the Clerk of Court the original signed petition, the applicable filing fee and a transmission fee of five dollars, in full compliance with the requirements of La. R.S. 13:850. The plaintiff contends that the fact that the original petition, inexplicably, did not actually arrive to the Clerk of Court the following day as contracted for on September 12, 2007, but rather arrived on September 14, 2007, is of no consequence. The plaintiff urges that La. R.S. 13:850 requires only that the original signed document, filing fee and transmission fee be forwarded to the Clerk of Court by the party filing the document, not that it be actually received by the Clerk of Court, within the five-day delay period.
State Farm counters that the original petition must be actually received by the office of the Clerk of Court within the five-day delay period of La. R.S. 13:850 B. Thus, State Farm argues that the original petition had to have been received by the Clerk of Court on or before September 13, 2007. According to State Farm, since the original petition was received on September 14, 2007, the plaintiffs action had prescribed before the filing was completed. State Farm relies upon the case of Bryant v. Milligan, 2000-2524 (La. App. 1st Cir. 6/6/01), 808 So.2d 660, overruled, Hunter v. Morton's Seafood Restaurant & Catering, XXXX-XXXX (La. 3/17/09), 6 So.3d 152, in which the plaintiffs filed a petition by facsimile transmission, pursuant to La. R.S. 13:850, but the original signed petition was not received by the clerk's office until more than five days, exclusive of legal holidays, after the facsimile transmission was received. This court held that the plaintiffs' claims had prescribed. This court rejected the plaintiffs' argument that La. R.S. 13:850 B required only that they forward the original petition to the clerk, not that the clerk receive the petition within the five-day delay period.
In an en banc decision in the case of Hunter v. Morton's Seafood Restaurant & Catering, 2007-2396 (La. App. 1st Cir. 7/3/08), 992 So.2d 1078, cert. granted, XXXX-XXXX (La. 10/31/08), 993 So.2d 221, and affirmed, XXXX-XXXX (La. 3/17/09), 6 So.3d 152, this court, after careful consideration, concluded that our interpretation and application of La. R.S. 13:850 in the Bryant case were incorrect. This court held that the language of La. R.S. 13:850 B states unambiguously that the original petition need only be forwarded to the clerk's office, not received by the clerk's office within the five-day delay period. In the Hunter case, the plaintiff filed her petition by facsimile transmission to the clerk of court's office on Thursday, March 8, 2007. Thereafter, the original petition was received and stamped as "filed" with the clerk's office on March 16, 2007, one day past the five-day delay period. This court reversed the trial court's judgment granting the defendant's peremptory exception raising the objection of prescription and held that the plaintiffs action had not prescribed. Accordingly, this court explicitly overruled all First Circuit Court of Appeal jurisprudence not consistent with our ruling in Hunter, id.
Upon appeal of the Hunter decision, the Supreme Court agreed with this court that to forward a document as required by La. R.S. 13:850 B, a litigant must only send the document; the sending of the document towards the place of destination is all that is required, pursuant to the unambiguous language of La. R.S. 13:850. Hunter, XXXX-XXXX (La. 3/17/09), 6 So.3d 152. The Supreme Court further stated that the sender must establish, by a preponderance of the evidence, that the original document and required fees have been forwarded to the clerk's office in the time set forth in the statute. Hunter, XXXX-XXXX (La. 3/17/09), 6 So.3d 152. The Supreme Court noted in the Hunter case that although the record reflected that the original document and fees were received by the clerk's office on the sixth legal day after the facsimile transmission of the petition, the trial court had made no factual finding of whether the plaintiff had forwarded the document and fees within the five-day delay period of the statute. Because the record did not contain sufficient information for the Supreme Court to determine whether the document and fees were timely forwarded to the clerk's office, the Supreme Court remanded the matter to the trial court with instructions that the plaintiff be given the opportunity to present proof, in the form of affidavits or other documents, such as proof of mailing, of the date on which the original document and required fees were forwarded to the clerk's office. Hunter, XXXX-XXXX (La. 3/17/09), 6 So.3d 152.
In the instant case, the record does not contain proof of the date on which the plaintiff forwarded the original signed petition, along with required fees, to the clerk's office or the means by which the items were forwarded. Therefore, in accordance with the Supreme Court's ruling in Hunter, we vacate the trial court's judgment and remand to the trial court with instructions that the plaintiff be given the opportunity to prove by a preponderance of the evidence that she forwarded the original signed petition and required fees to the office of the clerk of court within the fiveday delay period of La. R.S. 13:850.

CONCLUSION
For all of the foregoing reasons, the judgment of the trial court is vacated and the matter is remanded for proceedings consistent with this opinion. Costs of appeal are assessed equally to the parties.
VACATED AND REMANDED.
NOTES
[1] According to La. Civ. Code art. 3492, delictual actions are subject to a liberative prescription of one year, commencing to run from the day injury or damage is sustained.
[2] State Farm acknowledges that Saturdays and Sundays are counted as days of public rest and legal holidays, pursuant to La. R.S. 1:55 A (1).