MARION F. EDWARDS, Judge.
 

 12Pefendants/appeIlants, Melanie Kennedy, wife ofiand Christopher Kennedy (“the Kennedys”), appeal a judgment by the Twenty-Fourth Judicial District Court dismissing their appeal. For the reasons to follow, we reverse.
 

 The Kennedys were cited for violation of the Code of Ordinances of the Parish of Jefferson (“the Parish”) for storing a boat on a trailer in the driveway of their home. Following a hearing, the administrative hearing officer found them to be in violation of the ordinance and fined them $200 for each day the violation remained in existence after a compliance period of five days. The order also operated as a lien and privilege against the property and determined that failure to pay the lien would result in the sale of the property under the laws of adjudicated tax sales. The order concluded by stating:
 

 Defendants have the right to appeal this decision to the 24th Judicial District Court for the Parish of Jefferson within thirty (30) days of the signing of this Order and after posting a bond with the Bureau of Administrative Adjudication pursuant to Section 2.5-10 of the Jefferson Parish Code of Ordinances.
 

 | sThe ruling was issued on July 22, 2008, and the Kennedys filed a Petition for Judicial Review on August 20, 2008. The Parish filed a Motion and Order to Dismiss with Prejudice the application for judicial review. The Parish contended that the Kennedys had failed to post the bond as required by the Order. The trial court granted the order, dismissing the appeal. The Kennedys appeal that judgment, contending that both Section 2.5-10 of the Jefferson Parish Code of Ordinances and La. R.S. 49:964 are unambiguous and do not require an appeal bond in order to perfect an appeal. Rather, they urge that any bond involved merely stays the enforcement of an agency determination pending judicial review.
 

 Section 2.5-10 reads as follows:
 

 Any person determined by a final order of the hearing officer to be in violation of a public health, housing, fire code, environmental, or historic district ordinance ... or any other ordinance that may be determined by the Jefferson Parish Council, may appeal this determination to the Twenty-Fourth Judicial District Court for the Parish of Jefferson. Such appeal shall be instituted by filing, within thirty (30) days of the hearing officer’s order, a petition with the clerk of the Twenty-Fourth Judicial District Court along with payment of such reasonable costs as may be required by the clerk of court. On the same day as the petition for appeal
 
 *303
 
 is filed, the violator shall serve a copy on the director of the appropriate enforcement agency or department and a copy on the parish attorney. After the petition for appeal has been filed, the clerk of court shall schedule a hearing and notify all parties of the date, time and place of such hearing. Service of notice of appeal under this paragraph shall not stay the enforcement and collection of the order or judgment unless the person, prior to filing notice of appeal in the Twenty-Fourth Judicial District Court, furnishes to the parish, for deposit in escrow by the director of finance, security sufficient to assure satisfaction of the finding of the hearing officer relative to the fine and costs of the hearing and costs, if any, of correcting the violation. Security may be waived in the case of those entitled to proceed in forma pauperis or if in the opinion of the hearing officer the requirement of security would impose unreasonable hardship on the violator or some other person.
 

 |4Section 2.5-7(i) requires that the final order notify the violator of his right of appeal. Section (j) states the hearing officer may order the payment of fines and hearing costs, which costs are to be paid into the general fund unless otherwise provided by laws. Section (k) states that the hearing officer may suspend all or a portion of his final order and may make any suspension contingent on the fulfillment of some reasonable condition.
 

 The Administrative Procedure Act, specifically La. R.S. 49:964, provides that proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency. The filing of the petition does not itself stay enforcement of the agency decision; however, the agency may grant, or the reviewing court may order, a stay ex parte upon appropriate terms. La. R.S. 13:2575 provides municipalities with authority to enact ordinances relative to public health, housing, and environmental violations. As with the statutes above, an appeal is instituted by filing the petition within thirty days of the hearing officer’s order, along with payment of such reasonable costs as may be required by the clerk of court, and security is necessary only to stay the administrative order.
 

 The rules of statutory construction are designed to ascertain and enforce the intent of the Legislature.
 
 [1]
 
 The appropriate starting point in statutory interpretation is a consideration of the language of the statute itself.
 
 [2]
 
 When a statute is clear and unambiguous and its application does not lead to absurd consequences, the statute is applied as written.
 
 [3]
 
 Those who enact statutory provisions are presumed to act deliberately and with full knowledge of existing laws on the same subject, with awareness of court cases and well-established principles of statutory construction, | ,sand with knowledge of the effect of their acts and a purpose in view.
 
 [4]
 
 Where it is possible, courts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions dealing with the same subject matter.
 
 [5]
 
 On occasion, our
 
 *304
 
 courts have varied from the literal language of a statute and found “room for construction” or interpretation of the statute very infrequently and only under limited circumstances.
 
 [6]
 
 One of the limited circumstances in which the court has varied from the literal language of a statute is the case in which there is an obvious omission of language, as opposed to the case in which a word or phrase, taken literally, is clear and unambiguous.
 
 [7]
 
 The courts have also varied from the literal language of statutes when such an interpretation clearly was unintended and would defeat the purpose of the statute.
 
 [8]
 

 The applicable laws clearly hold that an appeal is instituted when the petition is filed. Although the hearing officer is permitted to assess fines and hearing costs, only the clerk of court is authorized to require costs for appeal. The laws require security be paid to the Parish in order to stay enforcement and collection. In addition, under La. R.S. 49:964, the
 
 court,
 
 not the agency, may require that a stay be granted in accordance with the local court rules pertaining to injunctive relief and the issuance of temporary restraining orders.
 

 While the Parish argues that not requiring a bond defies common sense because the order can otherwise be executed, we find the relief granted to a defendant in these cases is a devolutive appeal
 
 unless
 
 the appropriate costs are paid prior to filing the petition. An appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate | fiCOurt. La. C.C.P. art. 2082. This particular action appears to be no different from any other devolutive appeal involving a money judgment that has or may already have been dispersed to the winning party before the appellate decision has been rendered. As devolutive appeals are provided for in our Code of Civil Procedure, applying the law as written does not lead to absurd consequences, nor does such interpretation fall under the limited exceptions above.
 

 For these reasons, the judgment granting the Motion To Dismiss is reversed, and the matter is remanded to the trial court with instructions to reinstate the Kennedy appeal.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 .
 
 M.J. Farms, Ltd. v. Exxon Mobil Corp.,
 
 07-2371 (La.7/1/08), 998 So.2d 16.
 

 [2]
 

 .
 
 Hunter v. Morton's Seafood Restaurant & Catering,
 
 08-1667 (La.3/17/09), 6 So.3d 152.
 

 [3]
 

 .
 
 Id.;
 
 La. R.S. 1:4; La. C.C. art. 9.
 

 [4]
 

 .
 
 Hunter v. Morton’s Seafood Restaurant & Catering, supra.
 

 [5]
 

 .
 
 M.J. Farms, Ltd. v. Exxon Mobil Corp., supra.
 

 [6]
 

 .
 
 Louisiana Mun. Ass’n v. State,
 
 00-0374 (La. 10/6/00), 773 So.2d 663.
 

 [7]
 

 .
 
 Id.
 
 (referring to
 
 State v. Bennett,
 
 610 So.2d 120 (La. 1992)).
 

 [8]
 

 .
 
 Id.
 
 (referring to
 
 Dore v. Tugwell, 228
 
 La. 807, 84 So.2d 199 (1955) and
 
 Cousins v. City of New Orleans,
 
 580 So.2d 536 (La.App. 4th Cir.1991)).