McCLENDON, J.,
dissenting.
| jThe appropriate starting point in statutory interpretation is a consideration of the language of the statute itself. Hunter v. Morton’s Seafood Restaurant & Catering, 08-1667 (La.3/17/09), 6 So.3d 152, 155. When a statute is clear and unambiguous and its application does not lead to absurd consequences, the statute is applied as written. LSA-R.S. 1:4; LSA-C.C. art. 9.[1] Those who enact statutory provisions are presumed to act deliberately and with full knowledge of existing laws on the same subject, with awareness of court cases and well-established principles of statutory construction, and with knowledge of the effect of their acts and a purpose in view. Id. It is also a well-settled rule of statutory construction that all laws dealing with the same subject matter must be construed in pari materia. LSA-C.C. art. 13;[2] Reed v. Washington Parish Police Jury, 518 So.2d 1044, 1047 (La.1988).
^Louisiana Revised Statutes 38:2220.1 provides:
It is the intent of the legislature in enacting R.S. 38:2220.1 through 2220.4 to authorize private citizens and other entities to institute a civil action against public entities to deter the construction of public works or the purchase of materials and supplies in violation of the provisions of R.S. 38:2211 et seq. The provisions of these Sections shall not be construed to eliminate or reduce any causes of action or other forms of relief provided by existing law, including but not limited to suits authorized by R.S. 38:2220.
Additionally, Louisiana Revised Statutes 38:2220.2A provides:
Any person, association, corporation, or other business entity with direct knowledge of an alleged violation by a public entity of the provisions of R.S. 38:2212 et seq., may institute a civil action in district court against the public entity to seek a declaration that such violation has occurred. The procedure for the civil action shall comply with the provisions of this Section and R.S. 38:2220.3. (Emphasis added.)
Louisiana Revised Statutes 38:2220.3 provides, in pertinent part:
A. Prior to initiation of the civil action, the complainant shall inform the attorney general of the alleged violation *48 and all direct information he possesses regarding the alleged violation. The information shall be sent to the attorney general by certified mail, return receipt requested, within fifteen days from the date of discovery of the alleged violation by the complainant.
B. The attorney general may conduct an investigation or take other actions as deemed appropriate, including after investigation the institution of a civil action authorized in R.S. 38:2220.2.
C. If the attorney general does not initiate a civil action within thirty days from the date of receipt of information concerning the alleged violation, the complainant may initiate the civil action. The attorney general may thereafter intervene in the action as provided by law. At issue in this matter is LSA-R.S.
38:2220.4, which provides:
A. The court shall enter an order declaring whether a violation of R.S. 38:2211 et seq. has occurred. The declaration shall have the force and effect of a final judgment or decree.
B. (1) The court shall also award to the principal plaintiff as determined by the court, if successful in his action, reasonable attorney fees. The court shall also award to any prevailing defendant costs and reasonable attorney fees. However, if the court finds fraud on behalf of a defendant, the award to the plaintiff shall be twice the amount of reasonable attorney fees.
(2) When the public entity has depended upon the written opinion of the attorney general that the action taken by the public entity would be in compliance with law, the public entity shall not be liable for the costs and attorney fees of the adverse party.
|oC. A person providing information to the attorney general or bringing a civil action under the provisions of R.S. 38:2220.2 and 2220.3 shall not be subject solely for such reason to dismissal, suspension, or any other form of disciplinary action by an employer, unless the civil action is found by the court to be frivolous.
In enacting these statutes, the legislature set forth, in clear and unambiguous terms, a specific procedure to be followed when seeking an order declaring a violation of the public bid laws. However, the majority determined that there is no language limiting the “action” to an action brought under LSA-R.S. 38:2220.2 and 38:2220.3 and that compliance with the provisions of LSA-R.S. 38:2220.2 and 38:2220.3 are not a prerequisite to an award of attorney fees under LSA-R.S. 38:2220.4.1 disagree.
The majority relies on the cases of Diamond B Const. Co., Inc. v. Department of Transp. and Development, 02-0573 (La.App. 1, Cir.2/14/03), 845 So.2d 429, and M.P.G. Const. Inc. v. Department of Transp. and Development State of La., 03-0164 (La.App. 1 Cir.4/2/04), 878 So.2d 624, to support its conclusion that LSA-R.S. 38:2220.4 stands alone. However, I find these cases inapplicable and distinguishable, as neither addresses the issue presented herein. The failure to follow the procedure set forth in LSA-R.S. 38:2220.2 and 38:2220.3 was not raised by the parties in either case and was not considered by the lower court.
In contrast, the case of Tectrans, Inc. v. New Orleans Aviation Board, 695 F.Supp.2d 313 (E.D.La.2/17/10), aff'd, 464 Fed.Appx. 199 (5th Cir.2010), specifically addresses the issue. In Tectrans, the unsuccessful bidder on a contract to provide taxi services at the airport filed suit against the city aviation board, seeking a declaration that the board violated Louisiana’s public bid law, open meetings law, *49 and public records law. The unsuccessful bidder also sought attorney fees and costs. With regard to the request via summary judgment for a declaration that the board violated the public bid law, the court cited LSA-R.S. 38:2220.2 and 38:2220.3, and stated:
14However, there is no allegation that, prior to filing suit, Tectrans informed the Louisiana Attorney General of the alleged violation and directed all information it possessed regarding the alleged violation to the Louisiana Attorney General. Because Tectrans did not allege that it complied with this prerequisite to bringing a civil action for declaratory relief, the claim must be dismissed, and Tectrans cannot recover attorneys’ fees and costs for its pursuit of this claim.
Likewise, in this matter, Gibson failed to allege any facts showing that it complied with the procedural requirements of LSA-R.S. 38:2220.2 and 38:2220.3, nor did Gibson present any evidence that it complied with these provisions. Significantly, in Tectrans, the court did award attorney fees for violations of the open meetings law- and the public records law, finding that under the statutory provisions for open meetings and public records requests, attorney fees and costs are mandated when a person seeking enforcement of either “prevails.”
Like the public records law or open meetings law, the legislature could have provided for an award of attorney fees to the prevailing party without other procedural requirements, but did not do so. Rather, the legislature in LSA-R.S. 38:2220.1 through 38:2220.4 chose to implement a special procedure requiring notice to the attorney general, prior to suit by a private citizen.
Therefore, based on the plain language of the subject statutes, and because there is no allegation or evidence in the record that Gibson informed the attorney general of the alleged violation, prior to filing suit, I find that his claim for attorney fees and costs must be dismissed. Accordingly, I respectfully dissent.

. Louisiana Revised Statutes 1:4 provides:
When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.
Louisiana Civil Code Article 9 provides:
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.

. Louisiana Civil Code Article 13 provides:
Laws on the same subject matter must be interpreted in reference to each other.