NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-766

BRENDA QUIRE

VERSUS

MICHAEL DOLE, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 248,711
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and John E. Conery, Judges.

AFFIRMED.

Steven D. Crews
Corkern, Crews & Guillet, L.L.C.
P. O. Box 1036
Natchitoches, LA 71457-1036
(318) 352-2302
COUNSEL FOR DEFENDANT-APPELLEE:
    Michael Dole
    Michael Dole, M.D.
    Michael Dole, M.D.,  APMC
    Michael Dole Properties, LLC

**Brent A. Hawkins**
**P. O. Box 3752**
**Lake Charles, LA 70602**
**(337) 502-5146**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **Brenda Quire**

**PICKETT, Judge.**

Brenda Quire appeals the judgment of the trial court dismissing her petition on an exception of prescription filed by the defendant, Dr. Michael Dole.

## STATEMENT OF FACTS

Ms. Quire alleges she had an appointment with Dr. Dole, her physician, on November 1, 2012. During the course of her appointment, Dr. Dole told Ms. Quire that he did not wish to be her physician any longer. When Ms. Quire left, she took a file which she believed contained her own medical records. Dr. Dole confronted her in the parking lot and allegedly committed a battery upon Ms. Quire.

On October 29, 2013, Ms. Quire's attorney fax filed a petition for damages, naming Dr. Dole individually, his medical practice, and several unnamed insurers (hereinafter collectively referred to as "Dr. Dole" or "the defendants"). The original petition and filing fee were not received by the clerk of court until December 18, 2013. The defendants filed an exception of prescription. Following a hearing, the trial court granted the exception of prescription and dismissed Ms. Quire's suit. Ms. Quire now appeals.

## ASSIGNMENT OF ERROR

In her lone assignment of error, Ms. Quire alleges the trial court erred by granting the defendants' exception of prescription.

## DISCUSSION

Louisiana Revised Statutes 13:850 provides for the procedure for filing a pleading with the clerk of court by facsimile:

A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.

B. Within seven days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:

(1) The original signed document.

(2) The applicable filing fee, if any.

(3) A transmission fee of five dollars.

C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

In *Hunter v. Morton's Seafood & Catering*, 08-1667 (La. 3/17/09), 6 So.3d 152, the supreme court held that in order to comply with the requirements of La.R.S. 13:850(B), a party must prove that he sent the document to the clerk's office, not that the document was delivered to or received by the clerk's office. The burden is on the sender to show by a preponderance of the evidence that the original document and applicable filing fees have been sent to the clerk's office. Where evidence is introduced on a peremptory exception of prescription, an appellate court reviews the judgment of the trial court under the manifest error standard of review. *Allain v. Tripple B Holding, LLC*, 13-673 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278.

In this case, Ms. Quire's attorney introduced a letter dated October 29, 2013, addressed to the Rapides Parish Clerk of Court's Office and to which was attached a copy of the petition for damages. At the hearing, Ms. Quire's attorney stated that

as a matter of course, he would have sent the original petition and filing fee on the same date as he sent the fax to the clerk's office, but he admitted that he had no proof that he actually mailed it.

We find no error in the trial court's finding that Ms. Quire failed to prove by a preponderance of the evidence that the original petition was sent to the clerk's office timely. The letter introduced by Ms. Quire dated October 29, 2013 does not prove that it was sent on that same date. It was obviously not received by the clerk's office until Ms. Quire's attorney sent another copy in December. Because the original and filing fees were not received within seven days of the fax filing, the December 18, 2013 filing of the petition is untimely. The exception of prescription was properly sustained.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Ms. Quire.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.