# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 24-230


KIM SIMON

VERSUS

ANTHONY BOSWELL


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2022-4309
HONORABLE VALERIE C. GOTCH GARRETT, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Van H. Kyzar, Judges.


**AFFIRMED.**

**Paul D. Oberle, Jr.**
**Richie, Richie & Oberle, L.L.P.**
**P. O. Box 44065**
**Shreveport, LA 71134**
**(318) 222-8305**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Anthony Boswell**

**Kyle Sherman**
**Brandt & Sherman, L.L.P.**
**111 Mercury Street**
**Lafayette, LA 70503**
**(337) 237-7171**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Kim Simon**

**GREMILLION, Judge.**

Defendant-Appellant, Anthony Boswell, appeals the default judgment entered in favor of the Plaintiff-Appellee, Kim Simon, claiming notice was faulty. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This default judgment stems from a motor vehicle accident that occurred on or about June 15, 2022. Simon filed a petition for damages on August 16, 2022, alleging injuries when she was struck from behind by Boswell in Lafayette, Louisiana. On October 12, 2022, Simon filed a motion to appoint a private process server after the parish sheriff was unsuccessful in serving Boswell despite three attempts. On October 23, 2023, Simon filed a motion for default judgment stating that Boswell was "served personally with the Citation and Petition on November 28, 2022 and no answer or other responsive pleadings have been filed herein[.]" The motion further stated that a letter was sent on June 9, 2023, to Boswell advising him of Simon's intent to obtain a default judgment. Attached to it was an affidavit by Simon requesting damages in the amount of $54,415.18. Additionally, the affidavit of Jared Conques was attached, which stated that "the attached letter was mailed to Boswell at the indicated address at which he was served with the Citation and Petition on June 9, 2023."

On November 7, 2023, Simon filed a pre-trial statement. Following a hearing on December 18, 2023, the trial court granted Simon's motion for default judgment finding her damages were caused by Boswell. The judgment was signed on January 3, 2021. Boswell was personally served with a Notice of Judgment on January 9, 2024. On February 16, 2024, Boswell filed an answer and jury demand. Simultaneously, he filed a "Request for Notice of Setting for Trial and for Notice of

Judgment." On March 1, 2024, Boswell filed an appeal and assigns as error the trial court's grant of the motion for default judgment in favor of Simon as she failed to properly notify Boswell of her intention to seek a default judgment as required by La.Code Civ.P. art. 1702.

## DISCUSSION

Louisiana Code of Civil Procedure Article 1702 sets forth the procedure for obtaining a default judgment against a party and states in part (emphasis added):

A. (1) If a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or by the court, and the plaintiff establishes a prima facie case by competent and admissible evidence that is admitted on the record, a default judgment in favor of the plaintiff may be rendered, *provided that notice that the plaintiff intends to obtain a default judgment is sent if required by this Paragraph, unless such notice is waived.* The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local rules of the district court or approved by the clerk of the district court for receipt of evidence.

(2) If a party who fails to answer has made an appearance of record in the case, notice that the plaintiff intends to obtain a default judgment shall be sent by certified mail or actually delivered to counsel of record for the part*y*, or if there is no counsel of record, to the party, at least seven days before a default judgment may be rendered.

(3) If an attorney for a party who fails to answer has contacted the plaintiff or the plaintiff's attorney in writing concerning the action after it has been filed, notice that the plaintiff intends to obtain a default judgment shall be sent by certified mail or actually delivered to the party's attorney at least seven days before a default judgment may be rendered.

(4) In cases involving delictual actions where neither Subparagraph (2) or (3) of this Paragraph applies, *notice that the plaintiff intends to obtain a default judgment shall be sent by regular mail* to the party who fails to answer *at the address where service was obtained* at least seven days before a default judgment may be rendered.

(5) No default judgment shall be rendered against a defendant when notice is required under Subparagraph (2) or (3) of this Paragraph unless proof of the required notice is made in the manner provided by R.S. 13:3205.

The exhibits presented at the December 18, 2023 hearing include the letter sent by Simon's counsel on June 9, 2023 via certified mail, return receipt requested, informing him that Simon intended to obtain a default judgment against him. It was mailed to the same address at which Boswell was personally served.[1] Boswell's Louisiana license, which Simon obtained at the scene of the accident, was also submitted into evidence and shows the same address that the certified mail was sent to.

Boswell's brief to this court argues that the "propriety of the Notice being sent by certified, rather than regular mail, is the sole issue before this court." He states that, "The Appellee provides no authority whereby any court has ever accepted such a deviation from the Notice requirements for a confirmation." Boswell argues that Simon did not exceed the notice requirements as she claims, "she simply <u>failed</u> to comply with the Notice requirements." He states:

> Further, the suggestion that sending something by certified mail exceeds the Notice requirements is a fallacy. Certified mail may assist the sender in establishing receipt of a letter, but it does not necessarily increase the likelihood of receipt. Regular mail can simply be placed in a mailbox. A certified letter requires the interaction between the letter carrier and the recipient requiring a signature for delivery of the letter. If the recipient is not home, he would likely get a notice and have to travel to the post office to sign for the letter. Perhaps this is why the Legislature distinguished between the two types [of] mailing in the Article.

We note that Boswell provides no support for this assertion in brief. However, in his reply brief, he notes La.Civ.Code art. 9, which provides that, "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, that law shall be applied as written and no further interpretation may be made in

---

[1] We note that the personal service refers to "317 Annabelle St." whereas the certified letter refers to "317 Annabelle Lane."

3

search of the intent of the legislature." The issue here is whether literal application of the article would result in absurd consequences. We find that it would. Although it is true that the legislature uses the word "shall," we do not think it intended to penalize a party who provides superior proof of mailing. Louisiana Code of Civil Procedure Article 1702 was significantly revised in 2021. Among other changes, it eliminated "preliminary default," changed the requirement of notice from regular mail to certified mail or actual delivery in subsections A(2) and A(3) and added subsection A(4). The résumé digest from the 2021 regular session relating to 2021 La. Acts No. 174 states (emphasis added):

> New law provides that in all cases involving delictual actions the plaintiff *may* send notice of his intent to obtain a default judgment by regular mail at the address where service was obtained, if the defendant is not represented by an attorney or counsel of record.

Boswell notes that regular mail can simply be placed in a mailbox. A diligent search produced no definition of "regular mail" in the Civil Code or Revised Statutes, yet the meaning of this term is just as Boswell has described—a letter in an envelope placed into a mailbox for delivery with nothing more than postage affixed to it.[2] "The words of a law must be given their generally prevailing meaning." La.Civ.Code art. 11. Further, while the definition of "shall" as opposed to "may" has been defined many times in Louisiana law as mandatory versus permissive, we find the legislature's use of the word "shall" in this statute to mean that the mandatory notice that must be given is by the least restrictive means possible, i.e., regular mail. *See Whitely v. State ex rel. Bd. Of Sup'rs of Louisiana State University*

---

[2] Black's Law Dictionary (12th ed. 2024) defines mail (noun) as:

1. One or more items that have been properly addressed, stamped with postage, and deposited for delivery in the postal system. 2. An official system for delivering postal packets; the postal system. 3. One or more written or oral messages sent electronically (e.g., through email or voicemail).

*Agr. Mechanical* College, 11-40 (La. 7/1/11), 66 So.3d 470. This is supported by the use of the term "may" in the résumé digest. The legislature clearly wished to place the least amount of effort on a plaintiff in this step of obtaining a default judgment when the defendant has already been personally served with a citation alerting him that a petition has been filed against him to which he must respond or risk having a default judgment entered against him.

Boswell also suggests that the legislature did not wish to subject the recipient party to a default judgment with the burden of having to go to the post office to retrieve the certified mail if he is not home at the time it is delivered. We disagree and find that in balancing "excessive" notice versus the possible inconvenience of having to go to the post office, the former outweighs the latter. Moreover, the supreme court and appellate courts have found that a plaintiff need only provide proof that the notice was sent, not "delivered" or "received." *See Libertas Tax Fund I, LLC v. Taylor*, 21-550 (La.App. 4 Cir. 6/16/22), 342 So.3d 1083, *writ denied*, 22-1093 (La. 10/18/22), 348 So.3d 729; *Hunter v. Morton's Seafood Rest. & Catering*, 08-1667 (La. 3/17/09), 6 So.3d 152; *Williams v. Williams*, 17-607 (La.App. 4 Cir. 11/29/17), 316 So.3d 970, *writ denied*, 18-122 (La. 3/9/18), 238 So.3d 452. Thus, whether Boswell actually received notice is irrelevant; the record contains no evidence of the signed certified mail receipt, however, the same result would be reached had it been sent regular mail.

While jurisprudence exists regarding deficient notice, we can find no cases where a party complains of excessive service. A party will not be penalized by using a more secure form of mail that provides greater proof that the opposing party has received notice of the claim or judgment against him. Since mailing an item via regular mail provides no proof that the recipient has been put on notice, *a fortiori*,

5

certified mail return receipt requested, a superior form of notice that exceeds the statutory requirements, suffices. Accordingly, we find no merit to Defendant's argument.

## CONCLUSION

The judgment of the trial court rendering a default judgment against the defendant-appellant, Anthony Boswell, is affirmed. All costs of this appeal are assessed against Boswell.

**AFFIRMED**.