Judgment rendered May 22, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,624-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MALIKIA SWAN                                          Plaintiffs-Appellants
TIFFANY HIGGINS

versus

SHERIFF JAY RUSSELL                                  Defendants-Appellees
DEPUTY CHRIS COLVIN
DEPUTY MCFARLAND
RICHWOOD HIGH SCHOOL
OUACHITA PARISH SCHOOL
BOARD TOMMY COMEAUX,
SHERE MAY SCOTTY
WAGGONER, JERRY R. HICKS
HAROLD MCCOY, DABO
GRAVES, GREG MANLEY AND
SUPERINTENDENT DR. DON
COKER INDIVIDUALLY AND
IN THEIR OFFICIAL
CAPACITIES AND THEIR XYZ,
QRS INSURANCE COMPANIES

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2022-1432

Honorable C. Wendell Manning, Judge

* * * * *

THE LAW OFFICE OF CAROL D. POWELL          Counsel for Appellants
LEXING AND ASSOCIATES (PLC)
By: Carol D. Powell-Lexing

FROSCH, RODRIGUE AND ARCURI, LLC
By: Jason Wixom

Counsel for Appellees,
Sheriff Jay Russell,
Deputy Chris Colvin, and
Deputy McFarland

HAMMONDS, SILLS, ADKINS,
GUICE, NOAH & PERKINS, LLP
By: Elmer G. Noah, II
    Linda K. Ewbank

Counsel for Appellees,
Richwood High School,
Ouachita Parish School Board,
Tommy Comeaux, Shere May,
Scotty Waggoner, Jerry R.
Hicks, Harold McCoy, Dabo
Graves, Greg Manley, and
Superintendent Dr. Don Coker,
Individually and in Their
Official Capacities

\* \* \* \* \*

Before COX, STEPHENS, and HUNTER, JJ.

**COX, J.**

This suit arises out of Ouachita Parish, Louisiana. Malikia Swan and his mother, Tiffany Higgins ("Plaintiffs"), filed suit against Sheriff Jay Russell, individually and in his official capacity with Ouachita Parish Sheriff's Office; Richwood High School; Ouachita Parish School Board ("OPSB"); Tommy Comeaux, Shere May, Scotty Waggoner, Jerry R. Hicks, Harold McCoy, Dabo Graves, Greg Manley, and Superintendent Dr. Don Coker, individually and in their official capacities with the OPSB; Deputy Chris Colvin and Deputy McFarland, individually and in their official capacities; and XYZ, QRS, and TUV Insurance Companies (collectively, "Defendants"). The Plaintiffs alleged that Defendants used unreasonable and excessive force, failed to properly train officers, failed to implement proper policies and procedures, and failed to follow proper procedures. Sheriff Russell filed an exception of prescription, which the trial granted and dismissed the Plaintiffs' claims with prejudice. The Plaintiffs now appeal that ruling. For the following reasons, we affirm.

## FACTS

On April 22, 2022, the Plaintiffs faxed their petition to the district court. On May 20, 2022, the Plaintiffs filed the original petition. The Plaintiffs alleged that on April 23, 2021, Swan was injured when he was tased after walking away from a school resource officer and leaving campus. On July 20, 2022, the Plaintiffs faxed an amended petition and filed the amended petition on July 25, 2022, removing the federal claims from their petition.

Sheriff Russell, Deputy Colvin, and Deputy McFarland (collectively referred to as the "Sheriff's Dept.") filed a peremptory exception of

prescription arguing that the Plaintiffs' claims are prescribed because they failed to abide by La. R.S. 13:850. The Plaintiffs opposed the exception. They admitted that their original petition was faxed on April 22, 2022, and stated that due to an illness, the original was filed on May 20, 2022. They argued the constitutionality of La. R.S. 13:850(C) and the harsh penalty for not complying. They asserted that La. R.S. 13:850(C) violates their due process. The Plaintiffs filed a motion to stay the hearing on prescription because they filed for declaratory judgment challenging the constitutionality of the statute.

On June 28, 2023, the trial court first heard arguments on the motion to stay and denied the motion. It then heard arguments on the merits of the exception of prescription. The trial court stated that although the Plaintiffs fax-filed their petition within the prescriptive period, they did not pay their fees or file the original within the required 7-day period. The trial court held that because the Plaintiffs did not comply with the statute, the petition was deemed filed on May 20, 2022, when the fees were paid and the original petition was filed, instead of the day of fax. The trial court signed its judgment on June 28, 2023, granting the exception of prescription and dismissing the Plaintiffs' claims with prejudice. The Plaintiffs appeal the trial court's rulings.

**DISCUSSION**

*Constitutional Challenge*

The Plaintiffs argue that the trial court erred in not granting their motion to stay in order to first hear the petition for declaratory judgment challenging the constitutionality of La. R.S. 13:850(B) and (C).

2

We review the trial court's denial of a motion to stay under an abuse of discretion standard. *Adams v. Sutton*, 2019-1105 (La. App. 4 Cir. 10/12/22), 351 So. 3d 391.

The pleadings allowed in civil actions are petitions, exceptions, written motions, and answers. La. C.C.P. art. 852. Therefore, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion, or an answer. It cannot be raised in a memorandum, opposition, or brief as those documents do not constitute pleadings. *Vallo v. Gayle Oil Co., Inc.*, 94-1238 (La. 11/30/94), 646 So. 2d 859.

The Sheriff's Dept. filed their exception of prescription on February 22, 2023. The hearing on the exception was set for June 28, 2023. The Plaintiffs first asserted their constitutional argument in their motion to oppose the exception of prescription, which was faxed on June 19, 2023, and the original filed on June 23, 2023. The Plaintiffs then filed their motion to stay the hearing on the exception of prescription on June 27, 2023. The Plaintiffs stated in this motion that they filed a petition for declaratory judgment. At the hearing, the trial court stated:

> Plaintiff asserts they have filed a Petition for Declaratory Judgment challenging the constitutionality of [La. R.S. 13:850(B) and (C)]. There was no such pleading we found in this suit record… but a check of the Clerk of Court's records reveal[s] a new suit has been filed with the same caption filed on Tuesday morning June the 27th a pleading entitled "Petition for Declaratory Judgment."

The trial court stated that it reviewed the new filing and requested that it be transferred to the same section as the current case.

3

We do not find that the trial court abused its discretion in denying the Plaintiffs' motion to stay. In this case, the Plaintiffs had approximately four months between the filing of the exception and the hearing on the exception. The Plaintiffs then waited until the day before the hearing to file a stay, referencing a petition for declaratory judgment. The petition for declaratory judgment was neither attached to the motion for stay nor referenced by suit number. The trial court had to perform its own due diligence to locate the petition and request it be transferred. Although the trial court was able to review the petition prior to denying the motion, we do not have that same opportunity for review. We are unable to even determine whether the Plaintiffs sustained their burden of proof in their constitutional attack. Based on the record before us and the last-minute nature of the filing of the motion to stay, we do not find that the trial court abused its discretion.

The Plaintiffs assert that they suffered irreparable harm by not being able to properly brief and argue the constitutionality of La. R.S. 13:850. As stated in the *Vallo* case, the Plaintiffs could not challenge the constitutionality of the statute in their opposition to the exception of prescription. However, the arguments as to the constitutionality of La. R.S. 13:850 have been initiated under a separate suit number, which is not the subject of this appeal. Therefore, their opportunity to argue the constitutionality of the statute in the separate suit is not lost.

*Evidence*

The Plaintiffs assert that the trial court erred in granting the exception of prescription when the Sheriff's Dept. failed to properly and officially offer and introduce evidence to support his exception at the hearing.

4

Our jurisprudence reflects that the standard of review of a judgment pertaining to an exception of prescription turns on whether evidence is introduced at the hearing of the exception. La. C.C.P. art. 931 expressly allows evidence to be introduced to support or controvert a peremptory exception, when the grounds do not appear from the petition. If no evidence is submitted at the hearing, the exception must be decided upon the facts alleged in the petition with all of the allegations accepted as true. *Lomont v. Bennett*, 14-2483 (La. 6/30/15), 172 So. 3d 620. In that case, the reviewing court is simply assessing whether the trial court was legally correct in its finding. *Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C.*, 21-00061 (La. 10/10/21), 333 So. 3d 368.

Ordinarily, the party pleading prescription bears the burden of proving that the claim has prescribed; however, when prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. *Sylvan v. BRFHH Monroe, LLC*, 54,202 (La. App. 2 Cir. 4/13/22), 338 So. 3d 576.

Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. La. C.C. art. 3492

At the time the petition was filed, La. R.S. 13:850 stated, in pertinent part:

> A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the

5

original document.  The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section.  The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.

B. Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:

(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders.  A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.

(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.

(3) A transmission fee of five dollars.

C. If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

As set forth above, a party may fax-file a pleading with the same force and effect as filing the original document, if the requirements of La. R.S. 13:850(B) are met.  However, a filing is merely conditional once a fax of a document is transmitted, because a fax filed document is only vested with force and effect if each requirement of La. R.S. 13:850(B) is met.  *See Hunter v. Morton's Seafood Rest. & Catering*, 08-1667 (La. 3/17/2009), 6 So. 3d 152, and *P&J Contracting of Louisiana, L.L.C. v. Dep't of Educ., Recovery Sch. Dist.*, 2020-0674 (La. App. 1 Cir. 12/30/2020), 318 So. 3d 881; *Thurman v. Aguilar*, 2021-1514 (La. App. 1 Cir. 6/22/2022), 343 So. 3d 784, *writ denied*, 22-01110 (La. 11/1/2022), 349 So. 3d 7.

We can determine whether this action is prescribed on the face of the petition and no further evidence is needed.  The original petition states that

the cause of action arose on April 23, 2021. The petition is stamped as "Fax Received" on April 22, 2022, which is within the one-year prescriptive period. However, the petition is not listed as filed until May 20, 2022, which is outside the one-year prescriptive period. The filing date is not retroactive to the date of fax unless the original is filed and fees paid within seven days of the fax. Here, we can see that the original was not filed for almost a month after the faxed petition; this is well outside the seven-day window. Therefore, the filing date of the petition is not deemed to be April 22, 2022, but May 20, 2022. The trial court was correct in granting the exception of prescription. This assignment of error lacks merit.

*Procedural Rules*

Alternatively, the Plaintiffs argue that the trial court erred in granting the exception of prescription by not considering that procedural rules are only a means to an end and not an end in themselves. They assert that notice should be given and an opportunity to be heard before a plaintiff's suit is declared null and void and without effect.

A fundamental purpose of prescriptive statutes is to protect a defendant from stale claims and from the loss or non-preservation of relevant proof. Prescriptive statutes seek to prevent prejudice to a defendant either by a delay in notification of the claim (the prejudice usually being the deprivation of an opportunity to perform a timely investigation of the claim) or by the loss of documents or witnesses which the defendant would have gathered or preserved if timely notified. While designed to protect a defendant against prejudice from lack of notification of a claim within the period of limitation, prescriptive statutes are not designed to protect a defendant against nonprejudicial pleading mistakes that his opponent makes

in filing the claim **within the period**. *Findley v. City of Baton Rouge*, 570 So. 2d 1168 (La. 1990); *Levingston v. City of Shreveport*, 44,000 (La. App. 2 Cir. 2/25/09), 4 So. 3d 942, *writ denied*, 09-0673 (La. 5/15/09), 8 So. 3d 586.

As stated previously, the Plaintiffs' claim was not properly filed within the prescriptive period pursuant to La. C.C. art. 3492 and La. R.S. 13:850. This is not a case where a plaintiff makes a pleading mistake in a claim that is filed **within the prescriptive period**. This is not a case where there is a question of whether an amended petition is considered retroactive to the original petition's filing date. In this case, the Plaintiffs simply missed the filing deadline by not filing their original petition for almost a month after the claim prescribed.

La. R.S. 13:380 provides a convenience to the parties in allowing them to fax-file their pleadings. This convenience comes with conditions— the original must be filed and the fees paid within seven days or the fax-filed pleading is without effect. To extend the statute to allow original pleadings to be filed a month after they have prescribed would make prescriptive periods irrelevant any time a party takes advantage of filing by fax.

Additionally, the Plaintiffs' argument that they should be given notice and opportunity to be heard before their claim is declared null and void is unsupported. The trial court did in fact hold a hearing on the exception of prescription. The Plaintiffs were given the opportunity to argue their claim had not prescribed. The Plaintiffs were unable to prove their claim had not prescribed and the exception of prescription was properly granted.

This assignment of error is without merit.

8

## CONCLUSION

We affirm the trial court's granting of the exception of prescription and dismissal of the Plaintiffs' suit. Costs associated with the appeal are cast on the Plaintiffs.

**AFFIRMED.**